Gregory Langadinos J.D. M.P.A.
Pro se in forma Pauperis
1801 Town and Country Drive
P.O. Box # 6050
Norco, CA 92618
glangadinos@yahoo.com
gregdinos8@gmail.com
(949) 844-0250

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT WASHINGTON

GREGORY LANGADINOS,

           Plaintiff,

vs.

WASHINGTON STATE BAR
ASSOCIATION, and WASHINGTON
STATE BAR ASSOCIATION BOARD
of GOVERNORS, LISA AMATANGEL
(in official capacity as Associate Director of
Litigation and internal operations and in her
individual capacity and JULIE SHANKLAND
in Official capacity as ADA/504 Coordinator; for
WASB; and in her individual capacity; and
WASHINGTON STATE SUPREME
COURT (in capacity as person and/or)
State Agency under Title II of ADA
and State Bar Act

           Defendants,

No. 2:23-cv-00250-RSM

COMPLAINT FOR DECLARATORY
JUDGMENT; INJUNCTIVE RELIEF
UNDER TITLE II OF ADA; AND RULE
65 OF FED.R.CIV. P; MONEY DAMAGES
UNDER 504/508 OF REHABILITATION
ACT OF 1973, 42 U.S.C. § 1983 AND
STATE LAW CLAIMS

DEMAND  FOR JURY TRIAL

## INTRODUCTION

1

1.    NOW COMES, Plaintiff Gregory Langadinos, as a visually impaired disabled person, who was wrongfully denied and defrauded from opportunity to receive his Diploma Privilege in year 2020, by defendant's wrongful means conduct which interfered with disrupted, and obstructed his ability to complete application to sit for July 2020 WA State Bar, because defendant WASB's web site denied plaintiff the "full and equal enjoyment of the goods, services, facilities, privileges, advantages,, or accommodations" including failure of web site on March 3, 4, 5, and 6, 2020 to offer JAWS; (Job Access with Speech) and other computer applications for visually impaired applicants.

2. **Plaintiff is proceeding pro se until a ruling on his California Attorney's Application for Leave to Appear Pro Hac Vice motion to waive requirement for Local Counsel under LCR Local Rule 83.1(d), because of plaintiff's inability to locate WA Attorney to pursue claims against the WA State Bar Association, WA State Bar Association Board of Governors and WA Supreme Court. Plaintiff file this suit to prosecute his causes of action against Defendant Washington State Bar Association and Washington State Bar Association Board of Governors, Supreme Court of Washington State, and, individually named defendant officials employed for defendant WASB.** Plaintiff seeks declaratory judgment and TRO, and preliminary injunctive relief under Title II of the ADA, money damages under section § 504, 505, and 508 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. § 794a, which authorizes and permits private citizens to bring suits for money damages, against state agencies, that are recipients of federal aid; under 42 U.S.C. § 12133 for an order to grant him Diploma Privilege, which plaintiff applied for timely but was obstructed and prevented from completing because WASB web site was not accessible to plaintiff while Web site lacked JAWS; (Job Access with Speech) and other computer applications for visually impaired applicants.

3.  Plaintiff Langadinos suffers visionary disabilities, thyroid eye disease, exophthalmos, who was deprived of completing his application to take the WA State Bar, and an applicant for admission to practice of law, will suffer irreparable harm from loss of

2

opportunity to pursue his chosen profession, in absence of preliminary injunctions requiring bar **examination** provider to comply with ADA by allowing applicant to be issued Diploma Privilege because he was deprived of completing his application on March 3, 4, 5, and 6th 2020, to take licensing **examinations** on web site that lacked equipment with assistive technology software to best ensure that **defendant WASB web site was** accessible to applicant. Americans with Disabilities Act of 1990, § 309, **42 U.S.C.A. § 12189**; 28 C.F.R. § 36.309.

4. As a visually impaired individual who was now a party to this lawsuit WA State Agencies, Langadinos is a qualified individual with a disability for purposes of the ADA. 42 U.S.C. § 12131.   The regulations implementing Title II of the ADA provide: A public entity shall furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity.  28 C.F.R. § 35.160(b)(1).

5. In violation of these federal ADA regulations requirements, defendants Amatangel, and Shankland willfully and intentionally deprived this plaintiff from receiving his Diploma Privilege, and deliberately concealed from Chief Judge Stephens that plaintiff is a visually impaired applicant, who was unable to access WASB web site, because of lack of Web site lacked JAWS; (Job Access with Speech) and other computer applications for visually impaired applicants.  See **Plaintiff's Offer of Proof Exhibits "1-25."**

## II.  PARTIES

6. Plaintiff, **GREGORY LANGADINOS** (Langadinos), resides in Corona, California.

7. Defendant is **WASHINGTON STATE BAR ASSOCIATION,** is located in King. County, at 1325 Fourth Ave., Suite 600 Seattle, WA 98101-2539, and does business. throughout the state of Washington.

8. Defendant **WASHINGTON STATE BAR ASSOCIATION BOARD**

3

**of GOVERNORS,** operates as a body politic from within the defendant Washington State Bar Association and has members that are all affiliated with the WASB located in King County, at 1325 Fourth Ave., Suite 600 Seattle, WA 98101-2539.

9. Defendant **LISA AMATANGEL** is an attorney currently licensed and active with the State of Washington, in official capacity as Associate Director of Litigation and internal operations and in her individual capacity WASB located at 1325 Fourth Ave., Suite 600 Seattle, WA 98101-2539.

10. Defendant **JULIE SHANKLAND** is an active attorney licensed in the State of Washington and she is sued in her official capacity as ADA/504 Coordinator; for defendant WASB; and in her individual capacity; and employed for the defendant Washington State Bar Association is located at 1325 Fourth Ave., Suite 600 Seattle, WA 98101-2539.

11. Defendant **WASHINGTON SUPREME COURT;** is physically located at 415 12th Avenue SW, Olympia, WA 98501-2314.  Defendant WA Supreme Court is sued State and Local Government entity pursuant to Title II of the Americans with Disabilities Act, and plaintiff seeks temporary restraining order and declaratory judgment from the Honorable US, District Court for the immediate issuance and delivery of a July 2020 Diploma Privilege upon the plaintiff, who was wrongfully deprived of such diploma due to the inaccessible an inoperable malfunctioning web site the defendant WASB

**Defendant Washington State Bar Association is a WA State Agency**

12. At all relevant times, Defendant Washington State Ber Association, has been and is an agency and/or instrumentality of the State of Washington both in general and for purposes of the Acts. This Court has subject matter jurisdiction under Title II of the Americans with Disabilities Act, to adjudicate this claim seeking a T.R.O., and Preliminary Injunction, to order defendants to award plaintiff the long overdue Diploma Privilege, which defendant WASB willfully refused to issue to plaintiff through no fault

4

of the plaintiff, and rather the inaccessible malfunctioned web site of the defendant WASB, and WASB Board of Governors, WASB BOG.

## III. JURISDICTION

**13..** This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4);

**14..**    This Court has subject matter jurisdiction against all defendant pursuant to Title II of the   ADA   Title II,   §§   12131–12134,   which   prohibits   any   public   entity from discriminating against "qualified"   persons   with disabilities in   the   provision or operation of public services, programs, or activities. The Act defines the term "public entity"   to   include state and   local   governments,   as   well   as   their   agencies   and instrumentalities. § 12131(1).

**15.**    Title II of the American with Disabilities Act's enforcement provision incorporates by reference § 505 of the Rehabilitation Act of 1973, 92 Stat. 2982, as added, 29 U.S.C. § 794a, which **1985** authorizes private citizens to bring suits for money damages. 42 U.S.C. § 12133.

**16.**    This Court has subject matter jurisdiction over the defendant WASB and WA Supreme Court pursuant to 504 and 508 of the Rehabilitation Act of 1973, because both defendants are recipients of federal aid, and are required to provide reasonable accommodations to persons that are being denied of the full access to services, such as plaintiff Langadinos was wrongfully   excluded   from   receiving   Diploma   Privilege   based   on   inaccessible   and malfunctioned web site that wrongfully rejected plaintiff's applications for take the July 2020 WA State Bar, which was transformed into a diploma privilege and awarded to anyone who applied for and registered to take the July 2020 WA State Bar examination, and who is a graduate of an ABA accredited law school, and plaintiff was and is otherwise qualified. This Court has pendant and supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## IV. VENUE

17. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the practices and procedures that give rise to Plaintiffs' complaint are occurring in this District.  Venue is

additionally proper because the events of the inaccessible web site, and defendants egregious irresponsible actions in ignoring plaintiff's requested accommodations under federal law, occurred in Seattle, Washington at the headquarters for the defendant WASB which is the subject of this action occurred in this Western District of the State of Washington.

## V.   NATURE OF THE CASE AND FACTUAL ALLEGATIONS

18.   Plaintiff, Gregory Langadinos (collectively "Plaintiff"), individually alleges the following against the defendants Washington State Bar Association, ("Defendant," "WASB," or "WA Bar"), Washington State Bar Association Board of Governors ("Defendant," "WASB BOG," or "BOG"), defendant Lisa Amatangel ("Amatangel"); defendant Mark Henry ("Henry"); based where applicable on personal knowledge, information and behalf, and/or the investigation of counsel.

19. This action arises under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 and § 794a, as amended (collectively, the "Acts"), and the Washington Law Against Discrimination (the "WLAD").

### A.   Washington State Bar Association

20. The Washington State Bar Association is a legal entity chartered by the Washington State Legislature by the passage of the State Bar Act. Wash. Sess. 1933 c 94 51, RCW2.48.010:

21. The WA State Bar Act expressly and specifically states;

There is hereby created as an agency of the state, for the purpose and with the powers hereinafter set forth, an association to be known as the Washington State Bar Association, hereinafter designated as the state bar, which association shall have a common seal and may sue and be sued, and which may, for the purpose of carrying into effect and promoting the objects of said association, enter into contracts and acquire, hold, encumber and dispose of such real and personal property as is necessary thereto.

Section 1 of the Act establishes the entity: "created as an agency of the state." The agency is for "purpose and with powers hereinafter set forth" outlined in the Bar Act sections.

22.  The association and the State agency has "a common seal" and "may sue and be sued." For the purpose of carrying into effect and promoting the objects of said association is

6

empowered to "enter into contracts and acquire, hold, encumber and dispose of such real and personal property as is necessary thereto." [ 1933 c 94 S 2; RRS S 138-2.]

23. The state bar shall be governed by the board of governors which shall be charged with the executive functions of the state bar and the enforcement of the provisions of RCW 2.48.010 through 2.48.180 and all rules adopted in pursuance thereof c 94 S 6].[including the management of the WA State Bar's web site and requirement that WASB officials refrain from fraudulently misrepresenting their credentials and official position such a defendant licensed WA State Bar Attorney Lisa Amatangel who fraudulently misrepresented herself to plaintiff and his former Attorney from Boston, [James Neyman] to be the ADA Coordinator for the WASB.

24. On March 3, 4, 5, and 6, of 2020, Langadinos repeatedly attempted to apply over the internet to register, pay for and undertake the July 2020 Washington State Bar examination by using the website maintained by the WSBA for that purpose, as well the defendant board of governors which are charged with the executive functions of the state bar and the enforcement of the provisions of RCW 2.48.010 through 2.48.180 and all rules adopted in pursuance thereof c 94 S 6].[including the management of the WA State Bar's web site. See Exhibit 1-16.

25. Langadinos suffers from thyroid eye disease, exophthalmos (right eye comes out of socket), and neurogenic bladder disorder, and other medical ailments to his eyes, preventing him from staring at a computer screen for an extended period of time. Because the defendant WASB's web site, which the defendant WASB BOG's is charged with overseeing and managing and required to have a web site compatible and accessible in accordance with the international standards pursuant to WCAG 2.0 and compliance under ADA, despite these regulatory requirements the WASB web site was not working properly, and rejected Langadinos' completed application to register for the July 2020 WA State Bar, furthermore rejected payment of $ 585 to process Langadinos' application fee, and issue him a reference number to acknowledge completion of application.  See medical records describing thyroid eye disease, at Exhibit "23" "and other urologic disabilities attached at Exhibit "1."

7

26. Plaintiff by reason of his disabilities is being excluded from participation in or being denied the benefits of the services, programs, or activities of and/or being subjected to discrimination by defendants whose web sites was not accessible to plaintiff as a person that suffers thyroid eye disease who was forced to stare at defendant WASB web site on March, 3, 4, and 5, 2020, without the ability to register and process payment of approximately $ 585, to register for the WASB Bar exam of March 3, 4, and 5, 2020.  See Exhibit "23" "

27.   Plaintiff navigated his computer and sought to access to the defendant WASB web site to apply to take the July 2020 WA State Bar examination.  encountering a variety of barriers to full access guaranteed by the ADA including a malicious pattern of deceit and fraud engineered by defendant WASB officials such as defendant Amatangel, who not only misrepresented her official position in furtherance of obstruction of plaintiff's constitutional right to pursue his chosen career to be a licensed attorney in WA State, **but Amatangel engaged in all the following fraudulent acts;**

- **Failure to report to Chief Judge Debra Stephens that plaintiff is visually impaired and was wrongfully deprived of the right to access defendant WASB's web site on March 3, 4, 5, and 6, 2020 failed to offer JAWS; (Job Access with Speech) and other computer applications for visually impaired applicant Langadinos; See Exhibits "10" "12" and "14");**

- **Failure of defendant Amatangel to ever respond directly to plaintiff's former attorney's letters requesting reasonable accommodations under Title II of the ADA, and the WA State Bar Act, and numerous other WA State laws, to rectify the plaintiff's wrongful deprivation of the ability to complete his application when web site also malfunctioned, which defendant Robert Henry admitted to plaintiff by telephone; See Exhibit "8-13");**

- **Amatangel was fraudulent appointed to be the ADA Coordinator and she lied to WA State Attorney General official that as a junior attorney for only two years at the time in June 2020, that she falsely represented to be the Supervisor of 34-year outgoing attorney Jean McElroy; (See Exhibit "16."**

8

- **Defendant Amatangel falsely and fraudulently misrepresented to plaintiff's former Attorney Neyman, in her email dated August 13, 2020 that plaintiff's request for issuance of his Diploma Privilege, was considered an denied by Judge Stephens when Stephens never presided over any official proceedings, as an actual Judge possessing judicial power, because Chief Justice Stephens sent an email to plaintiff to inform him that diploma privilege originated from Covid19 pandemic, and unrest from George Floyd riots, which has nothing to do with defendant WASB;s inaccessible web site, that lacked JAWS; (Job Access with Speech) and other computer applications for visually impaired applicant Langadinos; See Exhibit "8" through "13."**

- **Amatangel fraudulently misused Chief Judge Stephen's email to intimidate the plaintiff, and confuse him to believe that an email sent from Chief Judge which never addressed plaintiff's wrongful deprivation of completing application to sit for July 2020 WA Bar, because of web site's failure to offer JAWS; (Job Access with Speech) and other computer applications for visually impaired applicant Langadinos; and furthermore, defendant WASB's web site malfunctioned and failed to accept plaintiff's credit card payment through no fault of plaintiff. See Exhibit "8" through "13."**

28. Langadinos made approximately eight (8) phone calls to the WSBA in early March of 2020, and also sent a letter by fax to Mr. Gus Quinones, the Admissions Manager of the WSBA, on March 27, 2020. Langadinos left messages to report that he was prevented from completing his Bar application because WSBA's website was not working properly and also because nobody from WSBA ever responded to numerous repeated telephonic and fax inquiries for assistance. See **Sworn Affidavit of plaintiff annexed within Exhibit "9" herein.**

29. Nine days after the last day, and fourth consecutive day that Langadinos spent 5 hours a day to attempt to register for the July 2020 WA State Bar, the on or about March 15, 2020, the unprecedented Covid19; (Novel Corona Virus); abruptly halted all business operations in Washington State and throughout the U.S., causing unprecedented shutdowns, and

9

lockdowns throughout Washington State and other parts of the United States. Nobody ever responded to any of plaintiff's faxes, telephone calls, and no alternative means existed in the WASB inaccessible web site to allow plaintiff to print his application and mail it to the headquarters of the WASB.  See **Exhibits" 1-4."**

30. In the March 27, 2020 plaintiff mailed and faxed a letter to Mr. Gus Quinones, the Admissions Manager of the WSBA, and Langadinos requested: (1) an alternative manner through which he might complete his application for the July 2020 WSBA Bar; and (2) a reasonable accommodation under the ADA in requesting to have a hard copy application mailed to plaintiff, and other modifications to policies of the WASB. See Exhibit "1."

31. Langadinos did not receive a returned phone call or an email from anyone. at WSBA, or acknowledged plaintiff's requested reasonable accommodations and modifications in the form of providing Langadinos 1) an alternative manner through which he might complete his application for the July 2020 WSBA Bar; and (2) reasonable accommodation under the ADA in requesting to have a hard copy application mailed to plaintiff.

32. In violation of Title II of the ADA, 504 of the Rehabilitation Act of 1973, and WA State Disabled Persons Act, defendant WASB, and individually named defendants employed for WASB never engaged in the interactive process with Langadinos in clear violation and abdication of duty required under Title II of the ADA, and 504.

A. **Plaintiff seeks Temporary Restraining Order and Declaratory Judgment Granting Diploma Privilege wrongfully denied based on disability discrimination and web site that fails to comply with WC3 Web Content Accessibility Guidelines ("WCAG") 2.0, and defendant WASB web site malfunctioned and failed to process payment for taking WA State Bar exam.**

33. On June 12, 2020, as a direct result of the George Floyd riots, and other life altering events include the Covid19 Pandemic, the Washington State Supreme Court issued Order Granting Diploma Privilege and Temporarily Modifying Admission and Practice Rules, No. 25700-B-630, which permitted any persons who applied for the July or September 2020 WA State Bar, to be issued a Diploma Privilege. See **Exhibit "6."**

34.  The Supreme Court granted the option of receiving a diploma privilege to practice law in Washington only to those "who are currently registered for either the July or September 2020 bar examination and who have \received a Juris Doctorate from an ABA accredited law school . . .are granted the option of receiving a diploma privilege to practice law in Washington." **Exhibit "6."**

35.  **Pursuant to the June 12, 202o Order of Honorable Chief Judge Stephens,** the defendant WASB was "delegated "the appropriate discretion to determine timelines for eligible applicants to notify the WSBA of intent to receive the diploma privilege in lieu of taking an examination, and whether or to what extent any registration fees may be refunded."    See Exhibit "6."    However, defendant Amatangel maliciously, and deliberately mischaracterized a private email Chief Judge Stephens sent to plaintiff directly as having the power of a Court Order denying plaintiff's requested under Title II of the ADA, and WA State civil rights his requested reasonable modifications to rectify the lack of JAWS; (Job Access with Speech) and other computer applications for visually impaired applicant Langadinos.

36.  Langadinos is graduate of an ABA approved law school known as the Appalachian School of Law from which he received his Juris Doctorate, and therefore his was and is "otherwise qualified" to be granted the Diploma privilege, which plaintiff was deprived of being issued the Diploma privilege through no fault of his own, and only because of the inaccessible, and malfunctioning WASB web site. See **Exhibit "17."**

37.  Langadinos made application to the take the bar exam by going to the WSBA website for that purpose as described above. **Exhibit "1."**

38 .  WSBA Associate Director for Regulatory Affairs Robert W. Henry emailed Langadinos after he sent emails lo Attorney McElroy, and others within the WASB, and the Washington Supreme Court.  Defendant Henry told plaintiff that he is deferring to Chief Judge Stephen's email which rejected plaintiff's Diploma Privilege.

39.  The defendant Shankland and WASB, deliberately mismanaged by WASB BOG's, engaged in a conspiracy to use the narrow construction of Chief Judge Steven's email to intimidate the plaintiff's although plaintiff injury, by deprivation of being allowed to finalize

11

his application for July 2020 WA Bar exam because of malfunctioned WASB web site. Defendant WASB, WASB BOG's Amatangel, Shankland and WA State Supreme Court, deliberately prevented plaintiff from being allowed to be part of graduating class to receive Diploma Privilege knowing plaintiff faced barriers to apply, from countless emails, warranting issuance of, "injunctive relief mandating this Court to force defendants to finally grant plaintiff Diploma Privilege he is owed since year 2020; (3 years ago).

40. Mr. Henry and Langadinos finally spoke on June 26, 2020, around 2:00 PM. Mr. Henry advised him that time that he was aware of several other applicants that also reported they were unable to access the WSBA's website due to the web site malfunctioning. and lack of alternative means for applicants to download and print their applications. See <u>emails annexed within Exhibit "4."</u>

41. Mr. Henry further noted to Langadinos that each or those cases had been satisfactorily resolved on an individual basis. During Langadinos' June 26, 2020 conversation with Mr. Henry, further stated to him that he was unaware of or who the ADA Coordinator was for the WSBA or the Washington Supreme Court.

42. Langadinos then searched the WSBA web site while still on the telephone with Mr. Henry, and gave him the names two individuals that are designated to be the ADA Coordinator, and he then stated, (wrongfully); and (incorrectly); that reasonable accommodations are only granted to. persons taking examinations, and not for persons that could not access the WSBA website to seek an alternative manner in which to apply.

43. The WSBA web site listed both Julie Shankland (julies@wsba.org or call 206.443.9722) as well as Shelly Bynum as ADA Coordinators. The website appears to have been changed since Jul y 3, 2020, and now lists only Attorney Shankland as an ADA Coordinator.

44. One week later, on Friday, July 3, 2020, Mr. Langadinos spoke with WSBA's General Counsel Jean McElroy about his application, on which occasion he reported to her what Mr. Henry had told 3 him about the 12 difficulties which other applicants had experienced.

45. Attorney McElroy replied that she doubted that Mr. Henry would ever have made such a statement. Langadinos also pointed out to Attorney McElroy that Mr. Henry was not aware of the scope of the ADA as applied to bar admissions, or that plaintiff has recourse because the web site was not accessible to plaintiff as a disabled persons who couldn't access web site. During Langadinos conversation with Attorney McElroy, she stated that she doubted that I ever applied for the WSBA in March, or April, or had ever faxed anything to the WSBA, based on the fact that when I emailed her and other officials, I mentioned only June 2020.

46. Langadinos explained to her that the username and account number which he had finally obtained on June 12, 2020 related back to his previous attempts to file an application.

47. Langadinos reasonably believed that the applications he submitted on March 3, 4, 5, and 6th 2020, had finally been received, and processed and issues related to the application and fee from March 2020 were then moot.

## Count I ---
## Preliminary Injunction (TITLE II ADA, 504, 508 Rehabilitation Act, and Wash. Rev. Code § 49.60.030(2)

**48.    The plaintiff repeats, realleges and incorporates the preceding paragraphs with the same force and affect.**

**49.**    Monetary damages at a later time would not adequately compensate plaintiff for the injuries sustained, and are sustaining, will continue to sustain as a direct and proximate result of being deprived issuance of Diploma privilege without any basis or justification, based on the events described above.

**50..**   Langadinos as an ADA plaintiff has suffered an injury-in-fact by encountering a barrier to the WASB web site from March 3-6 2020,  that deprives him of full and equal enjoyment of the State Agency facility due to his particular visionary disability, plaintiff was unable to stare at computer screen for long periods of time, and plaintiff was forced to encounter blurred vision, loss of visions, without the ability to print the WASB Bar exam application, because no such option existed,

**51.**    Plaintiff incorporated and seeks a preliminary injunction under Washington State law as well; pursuant Wash. Rev.Code § 49.60.030(2) ("Any person deeming himself or herself

injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both."); Negron v. Snoqualmie Valley Hosp., 86 Wash.App. 579, 588-89, 936 P.2d 55 (1997) (holding that plaintiff need not show intentional discrimination to recover money damages for discrimination in a place of public accommodation under the WLAD).

52.. Because a review of plaintiff email exchanges demonstrate a sufficient showing of intentional discrimination to survive the standard to obtain a preliminary injunction under and pursuant to his ADA and Rehabilitation Act claims, a fortiori he has made a sufficient showing of discrimination under the WLAD as well.

53. Plaintiff exhausted numerous administrative remedies against the defendant WASB, by filing and writing to the defendant WA Supreme Court, the WA State Attorney General, the WA State Human Rights Division, the U.S. Department of Justice, pursuant to Wash. Rev.Code § 4.96.010 prior to commencing this action.

**54.** Plaintiff, therefore, has standing to sue for injunctive relief as to that barrier and other barriers related to his disability, and defendants misused the Chief Justice Debra Stevens own email sent to plaintiff to intimidate, threaten and deter the plaintiff from returning to the public accommodation at issue.

55. The Ninth Circuit has held that an ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility or service. Here plaintiff suffered both, he was deterred by misuse of Chief Judge email sent to plaintiff, and plaintiff returned for four (4) straight days to web site, and web site kept stating web site has malfunctioned. See attached screen shot of web site, without images in violation of ADA, and WCAG 2.0 Accessibility Guidelines. Second, as an ADA plaintiff who established standing as to encountered barriers, Langadinos may also sue for injunctive relief as to unencountered barriers related to his

56.   Specifically, plaintiff alleged and will prove that he personally suffered discrimination as defined by the ADA as to encountered barriers on account of his disability, because web site that malfunctioned forced him to stare at web site, and experience his left eye coming out of socket, and plaintiff suffers from exophthalmos, and thyroid eye disease.

**57.**   The ADA was enacted "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). Its passage was premised on Congress's finding that discrimination against the disabled is "most often the product, not of invidious animus, but rather of thoughtlessness and indifference," of "benign neglect," and of "apathetic attitudes rather than affirmative animus." Alexander v. Choate, 469 U.S. 287, 295-96 (1985).

58.   Here the defendant WASB and WASB BOGs clearly engaged in "invidious animus" towards the plaintiff, and not only thoughtlessness and indifference," of "benign neglect." Attorney Jean McElroy for instance, (who never arranged for the true and real ADA Coordinator defendant Shankland to contact the plaintiff and engage in the interactive process); asked the plaintiff; "why would you come all the way to Washington State from Boston" and plaintiff was living in Irvine, CA.

59. The defendants have (1). acted intentionally or recklessly, and maliciously (2). and engaged in extreme and outrageous conduct. and (3).   caused the plaintiff, (4). severe emotional distress. (Plaintiff was made aware the Attorney Jean McElroy retired or stopped working for defendant WASB in late 2020, or 2021, and is no longer employed for defendant WASB.

60. WASB as a further example of persons with disabilities being unwelcome based on malfunctioned and difficult-to-navigate web site as a further example of an obstacle course leading to a web sites ability to apply for July 2020 Bar examination and entrance to sit for the exam, which was converted into a Diploma Privilege and license to practice, which plaintiff was wrongfully deprived of.  See "full and equal enjoyment" of places of public accommodation. 42 U.S.C. § 12182(a); see also PGA Tour, Inc. v. Martin, 532 U.S. 661, 674-75 (2001); Alexander, 469 U.S. at 295.

61.   Plaintiff, Langadinos seeks a preliminary injunction and can demonstrate "a sufficient likelihood that he will again be wronged in a similar way" by continuing to be deprived of Diploma Privilege, Lyons, 461 U.S. at 111. And plaintiff can establish a "real and immediate threat of repeated injury." Id. at 102 (quoting O'Shea, 414 U.S. at 496).

**WHEREFORE, plaintiff seeks TRO and preliminary injunction to be issued Diploma Privilege which defendants deprived him of issuing without ever engaging in the ADA's interactive process, and further failed to demonstrate that simply delivering upon plaintiff the Diploma Privilege which would not have fundamentally altered the nature of the Diploma Privilege program.**

### Count II—Declaratory Relief 28 U.S.C. 2201

**62.    The plaintiff repeats, realleges and incorporates the preceding paragraphs with the same force and affect.**

63. A dispute has arisen between the plaintiffs and the defendant as to the validity of the plaintiff's right to be awarded a Diploma Privilege which the defendant; s cannot rightfully justify their deprivation and wrongful denial from issuing plaintiff his Diploma Privilege where defendant's never engaged in the interactive process with the plaintiff to find an alternative solution to plaintiff's requested modifications in policy to re-submit his application for a diploma privilege back in March 2020.

64. The plaintiffs maintains that there is no valid reasons or explanation for defendant WASB, and WASB BOG's and WA Supreme Court parties to deny plaintiff issuance of his Diploma Privilege because the defendant Lisa Amatangel's conduct is based solely on direct and willful misrepresentations of her official position  claiming to the Supervisor for Attorney Jean McElroy, and falsely misrepresenting her official position and claiming to be the ADA Coordinator as described in this complaint, knowing that the real ADA Coordinator defendant Shankland, conspired to unlawfully shied and obstruct justice, in violation of Title II of the ADA, 504, and 508 of Rehabilitation Act, and the WA State Rules of Professional Responsibility, flagrantly violated WASB, WASB BOG's and WASB named defendants Amatangel and Shankland.

16

65. An actual and bona fide controversy now exists between the plaintiffs and the defendant as to the rights of the plaintiff which can be determined only by a declaratory judgment.

## EQUITABLE RELIEF PLAINTIFF PRAYS FOR

**A. For a declaratory judgment in favor of the plaintiffs after hearing on request for T.R.O., and Temporary Restraining order pursuant to Title II (State and Local Government entities);  of the Americans with Disabilities Act of 1990, and amendments of 1998 and entry of Order granting plaintiff the Diploma Privilege he was wrongfully deprived from receiving due to Defendant Washington State Bar Association's inaccessible web site, that plaintiff could not access while suffering thyroid eye diseases, which failed to offer plaintiff as person that is partially blind an alternative means to apply for register, and apply to take the July 2020 Washington State Bar exam;**

## Count III - ADA Title II Disability Discrimination

66. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

67. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 USC § 12132.

68. Further, under 28 CFR 35.149, "no qualified individual with a disability shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

69.. When proscribing discrimination in Title II on the basis of disability by public entities, Congress included any "department, agency, special purpose district, or other instrumentality of... States or local government" in its definition of "public entity." 42 USC

§ 12131(1)(B). The prohibition against discrimination therefore applies to anything a public entity does, even if carried out by private contractors.

70. In order to effectuate these statutory rights, the Department of Justice promulgated numerous regulations codified at 28 C.F.R. 35 *et seq.*

71. Those regulations define "facility" as "all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located." 28 C.F.R. § 35.104.

72. Title II of the ADA provides that "A public entity shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." 28 CFR 35.133.

73. Defendant WASB, and WA Supreme Court are both public entities under the ADA.

74. Plaintiff was and are at all relevant times qualified individuals with a disability for all purposes under the ADA. See medical records attached herein at **Exhibit " 23."**

75. In violation of Title II, Defendant discriminated against Plaintiffs by depriving them of full and equal access WASB web site on March 3, 4, 5, and 6, by failing to make those facilities accessible as required by law, including but not limited to:

a. Failing to render these facilities readily accessible and usable to individuals with Plaintiffs' disabilities pursuant to 28 C.F.R. § 35.151(a)(1) and .151(c);

b. Failing to ensure that defendant WASB's web site and are readily accessible and usable to individuals with Plaintiffs' disabilities pursuant to 28 C.F.R. § 35.151(b)

c. Failing to maintain the features of these facilities required to be accessible pursuant to 28 C.F.R. § 35.133.

76. Defendant's discriminatory conduct has caused harm to Plaintiffs and will, unless enjoined, continue to cause harm to Plaintiffs.

77. Plaintiffs request injunctive relief ordering defendant WASB, and WA State Supreme Court to cease its discriminatory conduct and to remove or remedy all accessibility barriers identified in this Complaint, and immediately issue plaintiff his Diploma Privilege and WA License to practice law. Plaintiffs also request attorney fees and costs as provided by law.

78.     Congress enacted Title II against a backdrop of pervasive unequal treatment in the administration of state services and programs, including systematic deprivations of fundamental rights. For example, "[a number of States have prohibited and continue to prohibit persons with disabilities from engaging in activities which have identified unconstitutional treatment of disabled persons by state agencies in a variety of settings, including decisions that demonstrate a pattern of unconstitutional treatment in the administration of justice.

## Count IV –
## Violation of Section 504 of the Rehabilitation Act of 1973; disability Discrimination

79. Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

80. The Rehabilitation Act provides "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or

19

his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

81. Under § 504 of the Rehabilitation Act, "the term 'program or activity' means all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government."

82. Discrimination under the Rehabilitation Act is essentially the same as discrimination under Title II, applicable to a state agency or program, with the additional requirement that the program or activity of the state agency receive federal financial assistance. Section 505 of the Rehabilitation Act incorporates the remedies, rights, and procedures set forth in Title VI of the Civil Rights Act of 1964 for violations of § 504 of the Rehabilitation Act.

83. On information and belief, UW has been the recipient of federal financial assistance and part of that financial assistance has been used to fund the construction and alteration of the parking lots identified in this Complaint and the operation of UW's programs and activities.

84. By failing to render its parking lots accessible, failing to enforce accessible parking, and even encouraging use of accessible parking by individuals without disabilities, as described in this Complaint, UW has excluded and/or deterred Plaintiffs from and/or denied Plaintiffs full and equal access to those parking lots and UW's other programs and activities that receive federal funding.

85. Plaintiffs have no adequate remedy at law. Unless Plaintiffs' requested relief is granted, they or any other similarly disabled persons who visit UW will suffer irreparable injury by the denial of access.

## Count V. 42 U.S.C. § 1983- Against all Defendants

86. Plaintiff incorporates the preceding paragraphs by reference as

**87.     The plaintiff repeats, realleges and incorporates the preceding paragraphs with the same force and affect.**

88. Defendants at all times relevant to this action were acting under color of state law.

89. Defendants WASB, WASB BOG's, and WA Supreme Court unlawfully deprived Plaintiff of right to access the WA Supreme Court's Diploma Privilege in violation of due process of law in violation of the Fourteenth Amendment to the Constitution of the United States, by using an email sent directly to plaintiff, by former WA Supreme Court Chief Justice Debra L. Stephens in complete absence of jurisdiction. See Mieles v. Waco, 502 U.S. 9, 11, (1991)(per curiam); Forrester, 484 U.S. 225 (quoting Brady v. Fisher, 80 U.S. (13 Wall.) 335, 347  (1872).

90. Defendants WASB, WASB BOG'S and especially the defendant Washington Supreme Court, deliberately and intentionally "manifestly detracted from the independence and impartial adjudication of the WA Supreme Court, which plaintiff, was stricken, and eliminated from ever being able to exercise, for this controversy against the WASB, in violation of his right to procedural due process, because the Chief Justice herself acting in absence of jurisdiction email the now ADA Title II plaintiff, to falsely represent to plaintiff that he missed the deadline to apply for the WA State Bar, when plaintiff did apply on time from March 3, 4, 5, and 6, 2020, but was prevented from finalizing his WA State Bar application because of WASB inaccessible and malfunction web site.

## Count VI- Violation of WLAD
### (Washington Freedom from Discrimination RCW 49.60.030)

21

91.    The plaintiff repeats, realleges and incorporates the preceding paragraphs with the same force and affect.

RCW 49.60.030 provides:

**(1) The right to be free from discrimination because of race, creed, color, national origin, citizenship or immigration status, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:**
**(b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement;**

92.  Langadinos is, and was at all times pertinent hereto, a qualified individual with a disability, that suffers thyroid eye disease, and neurogenic bladder disorder;

93.  As a result of the actions of Defendants Supreme Court and WSBA jointly and severally, Langadinos has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

94.  Langadinos is entitled to his attorneys' fees and costs incurred in this matter pursuant to RCW 49.60.030(2)

**Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to** recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 as 20 amended, or the Federal Fair Housing Amendments Act of 1988 (42 U.S.C. Sec. 3601 et seq.).

95 Plaintiffs incorporate by reference all preceding allegations as though fully set forth herein.

96. Defendant's practices alleged herein violate Plaintiffs' rights under the WLAD by denying them full and equal enjoyment of the Defendant's place of public accommodation, as described herein.

97 Section 49.60.030(1) of the Revised Code of Washington provides in pertinent part: The right to be free from discrimination because of... the presence of any sensory, mental, or physical disability... is recognized as and declared to be a civil right. This right shall include, but not be limited to: ... (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement ...."

98. Defendant's WASB Web that plaintiff attempted to access are a service, computerized web site and regulated within the meaning of WCAG 2.0, within the meaning of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60.040.

99. Plaintiffs are individuals with a disability within the scope of the WLAD.

100. On information and belief, Defendant has violated and continues to violate the WLAD by unlawfully denying Plaintiffs full and equal access to its inaccessible web site for the reasons set forth above, including violating the ADA.

101. On information and belief, Defendant has violated and continues to violate the WLAD by unlawfully denying Plaintiffs full and equal access to its state operated and Agency web site.

102. Defendant's actions constitute discrimination against Plaintiffs and violate the WLAD in that Plaintiffs are being denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides.

103. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered and continue to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate inaccessibility of their web site back in March 2020, preventing plaintiff from obtaining a Diploma Privilege. These failures have denied Plaintiffs the full and equal enjoyment of UW's accommodations, advantages, privileges, and facilities that the Washington Law Against Discrimination requires.

104. Because Plaintiff has a clear legal right to obtain his Diploma Privilege which he has been deprived of as a direct and proximate result of the defendant's dereliction of duty the plaintiff, has a well-grounded fear of immediate invasion of that right, and have been actually injured as a result of Defendant's conduct as alleged herein, declaratory and injunctive relief are appropriate remedies. *See Kucera v. Dep't of Transp.,* 140 Wn.2d 200, 209 (2000).

105. Pursuant to RCW 49.60.030(2), Plaintiffs are entitled to declaratory and injunctive relief and to recover from Defendant the reasonable attorneys' fees and costs incurred in bringing this action.

## COUNT -VII
## Intentional Infliction of Emotional Distress

**106.  The plaintiff repeats, realleges and incorporates the preceding paragraphs with the same force and affect.**

107.   The defendant WASB and WASB BOGs clearly engaged in "invidious animus" towards the plaintiff, and not only thoughtlessness and indifference," of "benign neglect" by designating and appointing defendant Amatangel, to serve as the ADA Coordinator, who failed to ever act in good faith and directly and honestly address the defendant WASB wen site inaccessibility, and to shied the defendant WASB from fulfilling its legal requirements under.

108. Attorney Jean McElroy for instance, (who never arranged for the true and real ADA Coordinator defendant Shankland to contact the plaintiff and engage in the interactive process); as a further example of intentional discrimination asked the plaintiff; "if you cannot process your application due to eye injuries, application,  how will you be able to process retainers from clients."

109. The defendants have (1). acted intentionally or recklessly, and maliciously (2). and engaged in extreme and outrageous conduct. and (3).  caused the plaintiff, (4). severe emotional distress. (Plaintiff was made aware the Attorney Jean McElroy retired or stopped working for defendant WASB in late 2020, or 2021, and is no longer employed for defendant WASB.

24

110. Defendant officials employed for WASB, WASB BOG's, WA Supreme Court, all gave the Plaintiff, Langadinos, the "run around" lied to him claiming the email sent to plaintiff which defendants all misrepresented to plaintiff that Amatangel is the ADA Coordinator, and defendant Amatangel, fraudulently represented to plaintiff that the email from Chief Judge Stevens has the power of a judicial ruling an Order of the Court and the meaning of an adjudication of the plaintiff's ADA requested accommodations, .

111. All of the named defendant's knew that nobody from defendant WASB ever alerted Judge Stevens that plaintiff Gregory Langadinos, as a visually impaired disabled person, was wrongfully denied and defrauded from opportunity to receive his Diploma Privilege in year 2020, by defendant's wrongful means conduct which interfered with disrupted, and obstructed his ability to complete application to sit for July 2020 WA State Bar, because defendant WASB's web site denied plaintiff the "full and equal enjoyment of the goods, services, facilities, privileges, advantages,, or accommodations" including failure of web site to work properly on March 3, 4, 5, and 6, 2020 or to offer JAWS; (Job Access with Speech) and other computer applications for visually impaired applicant Langadinos.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in all of the following ways;

**A).  Hearing on request for T.R.O., and Temporary Restraining order pursuant to Title II (State and Local Government entities);  of the Americans with Disabilities Act of 1990, and amendments of 1998 and entry of Order granting plaintiff the Diploma Privilege he was wrongfully deprived from receiving due to Defendant Washington State Bar Association's inaccessible web site, that plaintiff could not access while suffering thyroid eye diseases, which failed to offer plaintiff as person that is partially blind an alternative means to apply for register, and apply to take the July 2020 Washington State Bar exam;**

**B).   Monetary damages for wrongful deprivation of WASB Diploma Privilege pursuant to the Rehabilitation Act of 1973;**

**C).  Monetary damages for lost income, as a practicing license attorney since year 2020;**

**D). Punitive Damages; Attorney's fees; Costs of this lawsuit, costs for expert witnesses;**

**E).  Any other relief this Court deems just and equitable;**

(F) Demand for $2,000,000 in general, specific, and compensatory damages.

JURY TRIAL DEMANDED

**Dated this 22nd day of February 2023**

**Respectfully submitted,**

Gregory Langadinos J.D. M.P.A.
Pro se in forma Pauperis
1801 Town and Country Drive
P.O. Box # 6050
Norco, CA 92618
glangadinos@yahoo.com
gregdinos8@gmail.com
(949) 844-0250

BEROKIM LAW
State Bar Number 242763
270 North Cañon Drive, Third Floor
Beverly Hills, California 90210
berokim@berokim.com
T (310) 993-3703
Attorney for Plaintiff Gregory Langadinos

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT WASHINGTON

| | | |
|---|---|---|
| **GREGORY LANGADINOS,** | ) | No._____ |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **WASHINGTON STATE BAR** | ) | |
| **ASSOCIATION, and WASHINGTON** | ) | |
| **STATE BAR ASSOCIATION BOARD** | ) | |
| **of GOVERNORS, LISA AMATANGEL** | ) | |
| **(in official capacity as Associate Director of** | ) | |
| **Litigation and internal operations** and in her | ) | |
| individual capacity and **JULIE SHANKLAND** in | ) | |
| Official capacity as ADA/504 Coordinator; for | ) | |
| WASB; and in her individual capacity; and | ) | |
| **WASHINGTON STATE SUPREME** | ) | |
| **COURT (in capacity as person and/or)** | ) | |
| **State Agency under Title II of ADA** | ) | |
| **and State Bar Act** | ) | |
| **Defendants,** | ) | |
| | ) | |

## PLAINTIFF'S OFFER OF PROOF IN SUPPORT OF PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT TO AWARD DIPLOMA PRIVILEGE EXHIBITS "1"–"25"

# EXHIBIT "1"

March 27, 2020

Via Fax (206) 727-8313

Gregory Langadinos, J.D., M.P.A.
5990 Corporate Avenue Unit 304
Cypress, CA, 90630-4647
Tel. (617) 650-2693
(714) 252-9053.
gregdinos8@gmail.com; glangadinos@yahoo.com

Gus Quiniones
Admissions/Executive Director
Washington State Bar
1325 4th Avenue Suite 600
Seattle, WA 98101-2539
Tel. (206) 727-8209
Fax (206) 727-8313

Re: Request to receive hard copy application by fax for July 2020 Bar exam as alternative to online application due to ongoing computer glitches, screen messages informing me that system is down, and inoperable; and as a Reasonable Accommodation/Modification in Washington State Bar policies pursuant to 42 U.S.C. section 12149; 42 U.S.C. 12164; 28 C.F.R. Part 35 (1991); based on documented ongoing medical treatment

Dear Mr. Quiniones,

I write to report to you that I have attempted to complete my online application for the July 2020 Washington State Bar, on numerous occasions in the beginning of the month including March 3, 4, and 5 and every time I attempt to fill out the application, I kept receiving numerous messages, informing me that the online computer system unable to handle my requests.

Specifically, I received the following message on March 3, 4, 5, and today; "Sorry... the server is currently unable to handle your request." Please try what you were doing again." "First take a photo or screen shot of the page with your selections made." "If you see this page again upon submission, take a photo or screen shot of this page and then email admissions@wsba.org with screen shot(s), a description of what you were trying to do, and your applicant ID number." "We apologize for the inconvenience."

1

I took and saved screen shots of the page that apologized to me, for being unable to handle my request. I was never assigned an applicant ID number contrary to the assumption written within the message that an applicant ID number will be provided to me. No applicant ID number was ever provided to me.

All these messages have prevented me from processing my application, and applying, for and paying for my application for the July Bar since March 3, 4, and 5.

Other flawed and unresponsive computer screens that have appeared state that **"The Customer Address requires a value for City."** I have no idea what this means. This message is incoherent and makes no sense. I understand value to mean the estimate worth of something. I have no idea what I am being asked for by your State's Bar website.

According web site located at https://www.wsba.org/about-wsba/who-we-are/accessibility Updated: May 2, 2019; **"Accessibility"**

**"The Washington State Bar Association is committed to full access and participation by persons with disabilities. Our redesigned website is optimized for broad readability and usability, using accessibility criteria and features that enable people with disabilities to effectively access and navigate the site. The new website and web pages are compliant with accessibility standards, best practices and recommendations.**

I have left numerous messages, since March 3, 4, and 5, to explain that I am unable to access the State Bar's Web Site, even before you closed due to the Corona virus pandemic.

I have been under medical treatment in preparation to undergo a surgical procedure on April 20, 2020. I will be taking antibiotics and other medications, that cause me to

2

feel drowsy, due to a spine injury.  It is very inconvenient to spend 3 or more hours a day to access the web site without any progress when I am required to undergo self-catheterization throughout the day.  **See attached medical records**.  Because of the ongoing computer glitches and defects in the web site, as well as my neurogenic bladder disorder requiring me to catheterize and suffer pain throughout the day; I formally request to receive a hard copy application to apply for the July 2020 Bar exam, as a reasonable accommodation/modification pursuant to Title II of the ADA, and 75 Federal Register, 43460 and 81 Federal Register 28658.    Pursuant to 81 Federal Register 28658 and 75 Federal Register, 43460 the U.S. Department of Justice in enforcing Title II of the ADA; requires that services, programs or activities offered by State and Local Governments web sites such as WASB Bar application web site must be accessible to persons with disabilities.

   I am taking numerous medications, that prevent me sitting and repeatedly attempting to complete the WA State Bar application, for over 4 hours each time.  Your WASB web site is NOT at all accessible.  Rather your web site is unavailable, restricted, and inaccessible.

   **Please fax me back a hard copy version of the Bar application at (714) 252-9053, so I complete it and fax it back to you; or mail it back by Express overnight mail. Please call me at (617) 650-2693 about this serious matter and so I can pay the filing fee by phone or mail by mailing a check for the application fee.**


Sincerely,

Gregay Langeihy



MASSACHUSETTS
GENERAL HOSPITAL

MGH Main Campus
55 Fruit St.
Boston MA 02114-2621

Langadinos, Gregory
MRN: 2912825, DOB: 5/7/1970, Sex: M
Acct #: 6087922499
Encounter Date: 11/29/2018

**11/29/2018 - Office Visit in MGH Department of Neurology**

Other Clinical Notes

Progress Notes

Khosro Farhad, MD at 11/29/2018  3:00 PM

| Author: Khosro Farhad, MD | Service: — | Author Type: Physician |
| Filed: 12/3/2018 8:44 PM | Encounter Date: 11/29/2018 | Status: Signed |
| Editor: Khosro Farhad, MD (Physician) | | |



MASSACHUSETTS
GENERAL HOSPITAL
NEUROLOGY



HARVARD
MEDICAL SCHOOL

**Khosro Farhad, MD**
Assistant in Neurology
Nerve Unit Clinic
55 Fruit Street, WAC 835
Boston, MA 02114
Tel: 617-726-8639
Fax: 617-726-6991

**History of Present Illness:**

Gregory is a pleasant 48-year-old gentleman who presents for evaluation of neurogenic bladder.  He was living in California last year and was in his usual state of health when he was struck by another car in late December 2017.  At that time he was driving a small rental car.  He did not have any immediate serious injuries but began having bowel and bladder dysfunction soon after.  Initially he had hematuria and also blood in his stool associated with bowel and bladder incontinence.  He was unable to control his stool and urination.  He presented to a urologist in California and received a course of antibiotics.  He flew back to Boston and was evaluated by Dr. Lazarou, who he was being seen in the past for low testosterone level.  He had urodynamic studies done which showed sensory and motor dysfunction of the bladder:

**Urodynamic studies in May 2018:** "Complex cystometrogram, done at 20-30 mL/minute, reveals **first sensation at 354 mL of filling phase. First desire occurs at 367 mL. Strong desire occurs at 420 mL.** Compliance is normal. **Maximum cystometric capacity 595 mL.** Abdominal pressure study reveals no Valsalva leak points. Bladder pressure study reveals **no phasic detrusor contractions**.  Pressure-flow study reveals Pdet@Qmax 45 cm H2O at 10 mL/second. Patient empties 146 mL of 466 mL instilled.
Post-filling complex uroflow study could not be completed. **Patient catheterized for 449 mL.** EMG study reveals synergy. Contrast injection for voiding cystourethrogram study was performed, and imaging revealed a smooth vesical wall on filling, and a **vesical neck which does not open widely on voiding.**  IMPRESSION: Sensory and motor underactivity"

He has had incomplete emptying of the bladder and in need of self-catheterization up to 3 times daily.  His bowel dysfunction has improved over time.

Which shows L5-S1 disc herniation.  There is no report of Tarlov cysts in the lower sacral nerve roots.

**Past Medical/Surgical History:**
Hypertension and low testosterone.



MASSACHUSETTS
GENERAL HOSPITAL

MGH Danvers
102 Endicott St.
Danvers, MA 01923-3623

Langadinos, Gregory
MRN: 2912825, DOB: 5/7/1970, Sex: M
Acct #: 6085517970
Encounter Date: 10/23/2018

**10/23/2018 - Office Visit in MGH Danvers Urology**

Other Clinical Notes

Progress Notes

J Mathieu Massicotte, MD at 10/23/2018 1:00 PM

| | | |
|---|---|---|
| Author: J Mathieu Massicotte, MD | Service: — | Author Type: Physician |
| Filed: 10/23/2018 10:11 PM | Encounter Date: 10/23/2018 | Status: Signed |
| Editor: J Mathieu Massicotte, MD (Physician) | | |

 

MASSACHUSETTS
GENERAL HOSPITAL

10/23/2018
MR#: 2912825
Gregory Langadinos

Chief Complaint: No chief complaint on file.

### History of Present Illness::

Mr. Langadinos is a 48 y.o. male patient who is new to me but has seen urologists in the greater Boston area as well as in California. If have reviewed the available notes that report he initially had both fecal and urinary incontinence along with urinary retention and UTIs since a motor vehicle accident. He was taught CIC in Calif and was told he had nerve injury then. He also had urodynamics in May, 2018, that revealed "sensory and motor underactivity." that he reports has been a problem since a motor vehicle accident.

### Current Outpatient Medications Ordered in Epic

| Medication | Sig |
|---|---|
| • alfuzosin (UROXATRAL) 10 mg 24 hr.tablet | Take 1 tablet (10 mg total) by mouth daily. Take after a meal |
| • lisinopril (PRINIVIL,ZESTRIL) 2.5 MG tablet | Dose: Not available; Form: Not available; Route: PO; Frequency: Not available; Directions: As directed; Details: Dispense: Tablet(s); Date: 11/26/2013 |
| • naproxen (NAPROSYN) 500 MG tablet | Take 1 tablet by mouth 2 (two) times a day. Reported on 1/13/2017, |
| • NOVOFINE 30 30 gauge x 1/3" Ndle | USE AS DIRECTED |
| • tadalafil (CIALIS, ADCIRCA) 20 MG tablet | Take 1 tablet (20 mg total) by mouth daily as needed for erectile dysfunction. |
| • testosterone cypionate (DEPO-TESTOTERONE) 200 mg/mL | INJECT 1.5ML INTRAMUSCLARLY ONCE A WEEK |

Generated on 4/16/19  3:56 PM



🔒 admissions.wsba.org

# WSBA | Online Admissions
Washington State Bar Association

## WE'RE SORRY...

The server is currently unable to handle your request. Please try what you were doing again. First, take a photo or a screenshot of the page with your selections made. If you see this page again upon submission, take a photo or screenshot of this page and then email admissions@wsba.org with the screenshot(s), a description of what you were trying to do, and your applicant ID number. We apologize for the inconvenience.

© 2020 Washington State Bar Association, all rights reserved.

Toll-free: 800-945-WSBA (9722) (ask for Admissions)
Local: 206-727-8209
admissions@wsba.org
Washington State Bar Association
Regulatory Service Department
1325 Fourth Ave., Ste. 600
Seattle, WA 98101-2539

## ACCOUNT PROFILE

The Customer Address requires a value to City.

### PERSONAL INFORMATION

| | |
|---|---|
| Name Prefix: | Mr [v] |
| First Name | Gregory |
| Middle Name | |
| Last Name | Langadinos |
| Name Suffix: | [v] |
| Birth Date: | 6/7/1970 |
| Email Address: | glongadinos@yahoo.com |

### DAYTIME TELEPHONE NUMBER

| | | | |
|---|---|---|---|
| Country | United States | | [v] |
| Phone Number | 1 617 | 6502693 | txt |
| | Area | Number | |

### MAILING ADDRESS FOR ALL OFFICIAL CORRESPONDENCE

| | |
|---|---|
| Country | United States [v] |
| Company | |
| Mail Stop | |
| Address Line 1 | 6930-2 Grande Avenue |

## HP LaserJet MFP M426fdn

# Fax Confirmation

Mar-27-2020 11 20PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 901 | 3/ 27/2020 | 11·19:15PM | Send | 12067278313 | 1:17 | 7 | OK |

ESA Cypress 7147611786

# EXHIBIT "2"



Zhanette Kazanzeva
721 Olive Avenue, Apt. 2
Long Beach, CA 90813
(562) 661-0934
zhanettek@gmail.com

## AFFIDAVIT OF ZHANETTE KAZENZEVA

I, Zhanette Kazenzeva, state the following under penalties of perjury.

1.  My name is Zhanette Kazenzeva, and I am an adult above age 18.

2.  For the last four years, I have been employed with Extended Stay America, beginning with the Huntington Beach, California location for one year.

3.  I am currently actively employed as Night Staff for the Extended Stay America, Cypress, California facility, which is located at 5990 Corporate Avenue, Cypress, CA 90630, and I have held this position for the last three years.

4.  I also perform a variety of administrative duties, including but not limited to checking in guests and long term tenants in as well as checking them out, charging their credit cards, providing them with payment history of charges that are billed to them and sending and receiving fax messages for them.

5.  According to the Hotel's register, Mr. Langadinos resided at the Extended Stay Hotel in Cypress, California as a tenant in unit 304 from July 16, 2019 through July 1, 2020.



6. On March 27, 2020, at approximately 11:15 PM, after the start of my shift which begins at 11:00 PM, at tenant Langadinos' request I faxed to the following fax number: (206) 727-8313 a seven page document dated March 27, 2020 directed to Gus Quiniones of the Washington State Bar.   The Fax Verification sheet produced by the Hotel's fax machine at 11:19 PM, of which sheet I attach a true copy hereto, confirmed that the fax had been sent and received.

7.   The seven-page document also attached hereto is a true copy of the paper which I faxed to (206) 727- 8313 on March 27, 2020 at Mr. Langadinos' request.

8.   According to Mr. Langadinos' hotel folio at the time of checkout, each of the following telephone calls had been made from Unit 304 where Mr. Langadinos resided on the dates below:

a.   March 5, 2020, telephone calls were made to (206) 727-8209, and (206) 727-8282;

b.   March 6, 2020, telephone calls were made to (206) 727-8209, and (206) 727-8282;

c.   March 30, 2020, a telephone call was made to (206) 727-8209;

d.   April 3, 2020, a telephone call was made to (206) 727-8282;

2



e.  May 7, 2020, a telephone call was made to (800) 945-9722; and

f.  June 11, 2020, a telephone call was made to (800) 945-9722.

9.  I am willing and able to confirm the contents of this affidavit.   My address, telephone

number, and email are listed above in the heading of this affidavit.

   Sworn under penalties of perjury on this Friday July 3, 2020.


Zhanette Kazanzeva

# EXHIBIT "3"

---–---- Forwarded message ---------
From: **Jean McElroy** <jeanm@wsba.org>
Date: Thu, Jul 2, 2020, 6:22 PM
Subject: telepohne call today
To: Greg Dinos <gregdinos8@gmail.com>
Cc: Julie Shankland <julies@wsba.org>

Mr. Langadinos –

I just wanted to follow up regarding our telephone call this evening. At the conclusion of our call, you stated that you or your attorney would send us everything you have to establish that you completed and tried to submit an application to the WSBA in March or April of 2020, to take the July UBE in Washington.  That information should include copies of the fax you state was sent to us in March and the transmittal coversheet for that March fax, as well as any other information you have relating to your delivery of that fax to the Washington State Bar Association.

Also, if you have any emails or telephone records from March, April or May to show that you had submitted or attempted to submit an application here at the WSBA in March, April, or May, including any record you might have of any payment you attempted to make at that time for submitting your application, that would be great. Finally, if you have pictures of any  or any actual computer screenshots from March, April, or May relating to any attempts by you to submit an application during any of those months, including information indicating on the screenshot when it was taken, that would also be helpful. I am emphasizing the words March, April and May because anything sent to us or submitted after that date would have been too late to permit you to register for the July Bar exam in Washington.

I want to be sure that we've given you a full chance to present all of the information that supports your position that you tried to apply for the July Bar exam in Washington and were not able to do so because of a problem with our computer application system, so we can give your position full consideration.

As you know, because we discussed it several times in our telephone call, we are required to follow the Court's order, and the Court's order awarded the opportunity of diploma privilege only to those applicants who were currently registered at the time of the Court's order to take the July or

1

September Bar exam in Washington. As we also discussed, you were not currently registered at that time, so we cannot treat you as a diploma privilege applicant for admission and licensing in Washington at this time.

As a reminder, we agreed that you would NOT fax the information to this office, because people are working from remote locations most of the time.


Jean K. McElroy| Chief Regulatory Counsel
Washington State Bar Association | 206.727.8277 |jeanm@wsba.org
1325 Fourth Avenue, Suite 600 | Seattle, WA 98101-2539 | www.wsba.org
The WSBA is committed to full access and participation by persons with disabilities. If you have questions
about accessibility or require accommodation please contact me.
g

2

# EXHIBIT "4"

 Gmail

**Greg Dinos <gregdinos8@gmail.com>**

---

## WA Bar Exam
6 messages

---

**Bobby Henry** <roberth@wsba.org>                                    Wed, Jun 24, 2020 at 10:38 AM
To: "gregdinos8@gmail.com" <gregdinos8@gmail.com>

Dear Mr. Dinos,


You asked for a phone call regarding an application for the bar exam.  I am available Thursday morning from 9:30-12:00, or Friday afternoon.  Please provide a day and time that is convenient for you with a good phone number and I will call you at that time.


Thank you,


~Bobby




**Robert W Henry | Associate Director, Regulatory Services Department**

**Washington State Bar Association** | 206.727.8227 | roberth@wsba.org

1325 Fourth Avenue, Suite 600 | Seattle, WA 98101-2539 | www.wsba.org

The WSBA is committed to full access and participation by persons with disabilities. If you have questions

about accessibility or require accommodation please contact katherines@wsba.org.

  *Most WSBA employees are working remotely.*
*Thank you for your patience and understanding.*

---

**Greg Dinos** <gregdinos8@gmail.com>                                    Wed, Jun 24, 2020 at 4:07 PM
To: Bobby Henry <roberth@wsba.org>

Bobby,

   Friday afternoon works best for me.

---------- Forwarded message ---------
From: **Greg Dinos** <gregdinos8@gmail.com>
Date: Wed, Jul 15, 2020 at 3:30 PM
Subject: Re: WA Bar Exam
To: Bobby Henry <roberth@wsba.org>
Cc: Jean McElroy <jeanm@wsba.org>

Mr. Henry,

Thank you for taking your time to call me on Friday June 26, 2020, around 2:00 PM.   During our telephone
Theconversation I explained to you that I first applied for the WA State Bar on March 3, 2020, and that I kept receiving messages on the computer screen that stated; "Sorry the server is currently unable to handle your request," and that I should take a screenshot, and
email admissions@wsba.org, which I did.  I also told you I received other incoherent screens that stated that my "address has no value" after I had moved along and filled out the application to register for the WA State Bar.

I also told you that I have a disability  that requires me to urinate frequently, and that I had a fax sent on March 27, 2020.   I asked you whether you have any personal knowledge of other reported cases of computer malfunctions during the same time frame of the months of March Apri, May 2020, and through the month of June.

You stated that yes, you are aware of other reported cases of the Washington State Bar Association's website malfunctioning, and that you have personal knowledge of such computer glitches, and malfunctions. Could you please provide me with a sworn statement confirming our telephone conversation, and that you have personal knowledge of other instances that the WASB's computer malfunctioned?

When I reported that you had stated this to me over the phone to Attorney McElroy, she stated that she doubts that you would say that.

The personal facts and information you have and know about that there were other instances of computer malfunctions is extremely important and relevant to my pursuit of being considered as a applicant that timely applied, and was not coded as an applicant and would have been, "but for"

the WASB application to take the WA State Bar but was unable to due to computer malfunctions
and glitches that I had no control over.

I also reported to you that certain voicemails of WASB officials never identified themselves, or their names, so I can know who I called, and what their names were.

i will suffer serious injury and irreparable injury of not being able to fully produce my case, in support of being allowed to re-apply through a hard-copy alternative format, and to be considered as part of the
applicants to receive a Diploma Privilege, if you absent yourself, and the personal knowledge you stated you had about the WASB computer malfunctions.  In addition a statement from you could be considered by the WASB, that I will hire my Attorney to handle at the end of this week.

Please reply to this email to advise about my request to receive from you a sworn statement to document the personal knowledge you have about the WASB computer malfunctions during the same period of time that I was unable to register or apply, that you stated you were aware occured to other applicants.

Thank you

---------- Forwarded message ----------
From: Greg Dinos <gregdinos8@gmail.com>
To: robert@wsba.org
Cc:
Bcc:
Date: Fri, 26 Jun 2020 13:58:19 -0700
Subject: Fwd: Gregory needs the assistance of Chief Justice Stevens
Bobby,

   Please review this email sent to me directly by Honorable Chief Justice
Stevens of the WA Supreme Court.

   Please review this email, and my March 27, 2020 faxed letter with
medical records, which demonstrates that so far nobody at the WASB nor
Justice Stephen's has heard, considered, or even recieved all of the FACTS
of surrounding my case.

   My case involved requests under Title II of the ADA, on a case by case
basis, not what happened to other applicants.

    Please give me 5 more minutes to walk back to my apartment at it's now
1:58 PM.

   I look forward to your call at 2:00, 2:05 PM.

   Sincerely,

   Thank you

# EXHIBIT "5"

From: **Stephens, Justice Debra L.** <Debra.Stephens@courts.wa.gov>
Date: Thu, Jun 25, 2020, 8:57 PM
Subject: RE: Gregory needs the assistance of Chief Justice Stevens
To: gregdinos8@gmail.com <gregdinos8@gmail.com>
Cc: Vandervort, Judy <Judy.Vandervort@courts.wa.gov>

Dear Mr. Dinos,
Thank you for your email and letter requesting an expansion of the Diploma Privilege to your circumstances, and please accept my apologies for not being able to respond sooner.

As you know, the Supreme Court order of June 12, 2020 grants a limited Diploma Privilege (DP) to certain applicants currently registered to take the bar examination in Washington in July or September 2020, as well as to applicants currently registered to take the LLLT licensing examination in July 2020.  That order changed course from the previous decision of the court at its April 29, 2020 En Banc meeting to reject a DP option, and was issued in response to an urgent request from Dean Annette Clark and Seattle University Law School faculty, which sought reconsideration of a DP option in light of the significant barriers facing exam applicants caused by the confluence of the pandemic and civil demonstrations against racial injustice sparked by the police killing of George Floyd.  Given the short timelines, the court considered the request on June 12, 2020, and agreed that the unprecedented situation justified a limited DP option.

Almost immediately after issuing the June 12th order, the court began receiving numerous requests to reconsider, ranging from requests to rescind the DP option to requests to expand the option to include applicants in addition to currently registered J.D. degree holders from ABA accredited law schools - specifically LLM graduate applicants, APR 6 applicants, and those eligible but not currently registered for the July and September 2020 examinations.  Without enumerating the arguments for and against modification of the existing DP order, let me simply acknowledge there are valid reasons one might make a different decision or draw a different line from the one drawn by the court.  However, the court confirmed the June 12th order stands.  This message was communicated to WSBA and the Deans of Washington's three law schools in the days following the order.  And now, with the July bar exam fast approaching, the WSBA needs to plan and prepare for the safest possible

testing environment at multiple sites, and for full accommodation of special testing needs.  Those currently registered for the July and September exams need certainty in order to prepare to successfully take their exams, while those not registered need finality in the decision that they are ineligible for the DP option.  The balance of interests counsels against further modification of the court's order, though I appreciate this is disappointing to you, and your circumstances are unfortunate.

Please know that, at the same time the court voted to grant a limited DP privilege, it also approved the creation of a Work Group or Task Force to examine Washington's bar admission and licensure system and to make recommendations for possible reforms.  The framework for that effort is currently under development, and I anticipate the work starting before the end of the summer.  I am saving all  communications the court has received in connection with the June 12th order for consideration by that work group.  Your input will be valuable in the process moving forward.

Sincerely,


*Chief Justice Debra L. Stephens*
Washington State Supreme Court
PO Box 40929
Olympia, WA 98504
Debra.Stephens@courts.wa.gov
360-357-2050

# EXHIBIT "6"

FILED
SUPREME COURT
STATE OF WASHINGTON
JUNE 12, 2020
BY SUSAN L. CARLSON
CLERK

# THE SUPREME COURT OF WASHINGTON

| | |
|---|---|
| IN THE MATTER OF STATEWIDE RESPONSE BY WASHINGTON STATE COURTS TO THE COVID-19 PUBLIC HEALTH EMERGENCY | ) ) ) ) ) ) ) ) ) ) |

ORDER GRANTING
DIPLOMA PRIVILEGE AND
TEMPORARILY MODIFYING
ADMISSION & PRACTICE
RULES

No. 25700-B-630

WHEREAS, the court recognizes the extraordinary barriers facing applicants currently registered to take the bar examination in either July or September 2020, or the limited license legal technician (LLLT) examination in July 2020; and

WHEREAS, the Court has reviewed Washington's Admission and Practice Rules (APRs) to consider whether any of its provisions should be modified to accommodate current applicants who have received juris doctorate degrees from ABA accredited law schools or have completed all requirements to sit for the July 2020 LLLT exam;

The Court by majority hereby enters the following order establishing temporary modifications to some provisions of the current APRs:

1) APR 3 and 4 are modified to the extent that applicants for admission to practice law who are currently registered for either the July or September 2020 bar examination and who have received a Juris Doctorate degree from an ABA accredited law school, and applicants currently registered to take the LLLT examination scheduled for July 2020, are granted the option of receiving a diploma privilege to practice in

Page 2
ORDER GRANTING DIPLOMA PRIVILEGE AND TEMPORARILY MODIFYING
ADMISSION AND PRACTICE RULES
No. 25700-B-630

Washington.  The bar examinations in July and September 2020 will still be offered for those who do not qualify for the diploma privilege and those who wish to take the exam to receive a Uniform Bar Exam (UBE) score.

2) The diploma privilege option will be available to applicants currently registered to take the examinations who are taking the tests for the first time and those who are repeating the tests.

3) The court delegates to WSBA the appropriate discretion to determine the timelines for eligible applicants to notify WSBA of their intent to receive the diploma privilege in lieu of taking an examination, and whether or to what extent any registration fees may be refunded.

DATED at Olympia, Washington this 12th day of June, 2020.

For the Court

CHIEF JUSTICE

# EXHIBIT "7"

FW: Justia Lawyer Directory | Gregory Langadinos contacted you

From: admissions (admissions@wsba.org)

To: glangadinos@yahoo.com

Cc: admissions@wsba.org

Date: Tuesday, June 23, 2020 at 08:16 AM PDT

Hello,

We received the below message, is this regarding your online application? If so, please provide your applicant ID number and the address you are wanting to change and please provide that address.

Thank you,



**Danielle Olliver | Regulatory Analyst**
**Washington State Bar Association** | Phone 206.733.5901 | Fax 206.727.8313 | danielleo@wsba.org
1325 Fourth Avenue, Suite 600 | Seattle, WA 98101-2539 | www.wsba.org
The WSBA is committed to full access and participation by persons with disabilities. If you have questions about accessibility or require accommodation please contact katherines@wsba.org



**From:** Gregory Langadinos <contactforms@justia.com>
**Sent:** Monday, June 22, 2020 12:56 AM
**To:** "Francesca D'Angelo" <francescad@wsba.org>
**Subject:** Justia Lawyer Directory | Gregory Langadinos contacted you

 Lawyer Directory

**Hi Francesca D'Angelo,**

Gregory Langadinos found your profile in the Justia Lawyer Directory and sent you the following message:

*Attorney Franscesca,*

*Last Monday June 15, 2020 through Thursday June 17, 2020, I could not complete my profile and application to participate in and be part of the July 2020 Washington State Bar and the Diploma Privilege.*

*I kept receiving strange messages that I have taken a screen shot of that stated, "The Customer address requires a Value for City."*

*This message makes no sense and I didn't know how to bypass it.*

*Thus occured last Monday, June 15, Tuesday June 16, Wednesday June 17, 2020.*

*This Sunday evening June 21, 2020, the system/web site finally stopped stating this message, but I have been wrongfully excluded from registering for the July 2020 Diplpma Privilege Washington State Bar through no fault of my own.*

*Please call me as soon as possible at (617).650-2693.*

*.I have screen shots of all the Computer Glitch screens with displaying strange messages and messages that have no meaning.*

*Please call me about a solution to this matter.*

*My email is glangadinos@yahoo.com*

*My cell phone number is (617) 650-2693.*

*Please contact me this is very urgent.*

*Sincerely,*

**Gregory Langadinos**
glangadinos@yahoo.com
6176502693

————————————————————

Your Justia Lawyer Directory profile currently displays the following information:

**Francesca D'Angelo**

1325 4th Ave Ste 600

Seattle, WA 98101

(206) 7278294

Is your contact and profile information up to date? Click here to update your profile to ensure potential clients can get in touch with you and see you in your best light.

---

## Introducing Platinum Placements

Exclusive Top Placements, Only One Available.





Contact Us | Privacy Policy



(888) 587-8421

directorysupport@justia.com

This form was sent from your Justia Lawyer Directory profile.

**Justia | 1380 Pear Ave, Suite 2B, Mountain View, CA 94043**

# EXHIBIT "8"

# JAMES E. NEYMAN & ASSOCIATES, P.C.
## ATTORNEYS AT LAW
76 Canal Street, 3rd Floor Boston, MA 02114
617.723.2627 Facsimile: 617.723.2608
www.neymanandassociates.com

James E. Neyman, Esq.
james@neymanandassociates.com

August 3, 2020

Lisa Amatangel, Associate Director Litigation and Internal Operations
Office of General Counsel of the Washington State Bar Association
1325 Fourth Avenue, Suite 600
Seattle, WA 98101-2539

via: first class U.S. mail as well as e-mail to lisaa@wsba.org

re: formal petition by Gregory Langadinos for diploma privilege for admission to the
Washington State Bar in September 2020; and Renewed request for a reasonable accommodation
and modification pursuant to: Title II of the Americans with Disabilities Act; the Rehabilitation
Act of 1973; and the Washington State Law against Discrimination.

Dear Attorney Amatangel:

I represent Mr. Gregory Langadinos before this state agency. We believe that Mr.

Langadinos is equitably entitled to be admitted to the Washington State Bar ("WSBA") pursuant

to the following: (1) WSBA by-law XVII ("Emergency Amendment: Presidential Authority

during COVID-19 Emergency"); (2) Title II of the Americans with Disabilities Act, 42 U.S.C.

§§ 12131 et seq. ("ADA"); (3) 504 and 508 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794-

794a et seq. ("RA"); (4) RCW 49.60.010 (Washington State Law against Discrimination

("WLAD")); and (5) the special circumstances described herein which unfairly prevented Mr.

Langadinos from filing in a timely manner his application for admission to take the July 2020

Washington State Bar exam. On the basis of the facts set forth herein below, Mr. Langadinos by

the present petition respectfully renews his request to the WSBA -- both as a reasonable

accommodation to his disability and as a simple matter of fairness under the circumstances -- to

allow him now to file an application for admission in September of 2020 to the Washington State

1

Bar *nunc pro tunc* as of March 3, 2020, the date on which Mr. Langadinos originally sought -- unsuccessfully through no fault of his own, but rather as a result of his disability and of the WSBA's failure properly to maintain the functionality its admissions web site -- to apply to the WSBA for the admission in July of 2020.

As Mr. Langadinos has already advised your office, on March 3, 4, 5, and 6 of 2020 he repeatedly attempted to apply over the internet to take the July 2020 Washington State Bar examination by using the web site maintained by the WSBA for that purpose, but he was prevented from doing so through no fault of his own, but rather because WSBA's web site was not working properly and also because the WSBA did not respond to his repeated telephonic and fax inquiries.  Mr. Langadinos made numerous telephone calls to the WSBA in order to cure his inability to complete his application but was unable to reach a live person; instead he left voicemail messages which were never returned.  When Mr. Langadinos called (206) 727-8282, the voicemail message was from the "Interim Executive Director," who did not provide her name.  See Record Appendix Volume 1, pages 1-3, Affidavit of Zanette Kazenzeva.

As documented both by Mr. Langadinos' affidavit and that of Ms. Kazenzeva, Mr. Langadinos made approximately eight (8) phone calls to the WSBA in early March of 2020, and also in desperation sent a fax to Mr. Gus Quiniones of the WSBA on March 27, 2020.  The fax comprised a three-page letter along with two medical records and two pages of computer screen shots evidencing that the web site of the WSBA had not been operating properly.  In the letter Mr. Langadinos requested of Mr. Quiniones: (1) an alternative manner through which he might complete his application for the July 2020 WSBA Bar; (2) authorization to pay the application fee by credit card; and (3) a reasonable accommodation under the ADA in connection with the taking of the examination in the form of extra time. (Mr. Langadinos' difficulty in navigating

the WSBA's defective web site was compounded by his severe personal disabilities also described herein below.)

In response to a request by Mr. Langadinos, WSBA's Associate Director Robert W. Henry on Friday June 26, 2020 around 2:00 PM, called Mr. Langadinos, and advised him, *inter alia,* that he was aware that a number of other applicants had also been unable to complete their applications on the WSBA's web site due to the site's malfunctioning. Mr. Henry further noted to Mr. Langadinos that each of those cases had been satisfactorily resolved on an individual basis. One week later, on Friday, June 3, 2020, Mr. Langadinos, spoke with WSBA's Attorney Jean McElroy on which occasion he reported to her what Mr. Henry had told him about the difficulties which other applicants had experienced. Attorney McElroy replied to Mr. Langadinos that she doubted that Mr. Henry would ever have made such a statement. On July 15, 2020 Mr. Langadinos sent an e-mail message to Mr. Henry, (with c.c. to Attorney McElroy) in which he requested from Mr. Henry confirmation of what Mr. Henry had previously stated to Mr. Langadinos on June 26. Mr. Henry, however, has never responded. Instead at this point, Attorney McElroy apparently turned Mr. Langadinos' matter over to you since on July 20, 2020 you sent an email to Mr. Langadinos in which you stated that you were "responding" to Mr. Langadinos' e-mail messages dated July 15, 2020 to Mr. Henry and to Attorney McElroy. You did not, however, in your response in any manner address Mr. Langadinos' request for a confirmation from Mr. Henry of what Mr. Henry had told Mr. Langadinos over the telephone on June 26.

On June 12, 2020, Washington State Supreme Court Chief Judge Debra Stephens issued an Order motivated by the current pandemic emergency which dispensed applicants this year for admission to the Washington State Bar from taking the usual Bar examination, thereby granting

to such applicants what has been referred to as "diploma privilege." While we recognize that implementation by the WSBA in its by-laws established a cutoff date of April 24, 2020 for the exemption and that Mr. Langadinos was despite his best efforts unable to complete his application by that date, we note that Judge Stephens' Order confers upon the WSBA the discretion to deal equitably with such special circumstances as those presented by the instant matter.[1]

Mr. Langadinos is a "disabled person" within the meaning of the ADA, the RD and the WLAD (the "Disability Laws"). The web site maintained by the WSBA for applications for admission to the Washington State Bar is a "public accommodation" within the meaning of those same laws. the ADA requires that disabled individuals be provided "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). As appears from Mr. Langadinos' affidavit and the other exhibits included herewith, the defects in WSBA's web site were more than sufficient to deprive Mr. Langadinos of the "full and equal" access to the WSBA Bar admission process as that enjoyed by the other non-disabled applicants who Mr. Henry was able to help through the process notwithstanding its defects.

I.    **THE WSBA IS SPECIFICALLY BOUND BY GENERAL RULE 33 OF THE WASHINGTON STATE COURTS TO JUSTIFY ANY DENIAL OF A REQUEST FOR ACCOMMODATION BY A PERSON WITH DISABILITIES**

---

[1] While Mr. Langadinos sought from the President of the WSBA's Board of Governors, Kyle D. Sciuchetti emergency relief in the form of the extension of the April 24, 2020 WSBA by-law XVII ("Emergency Amendment; Presidential Authority during COVID-19 Emergency") deadline within which to submit his application, Attorney Chichetti never returned Mr. Langadinos' phone call or emailed him after Langadinos provided his email to his assistant.

General Rule 33 ("Requests for Accommodation by Persons with Disabilities") of the Washington State Courts (reproduced at https://www.courts.wa.gov/court_rules/?fa=court_rules.display&group=ga&set=GR&ruleid=gag r33) provides strict standards with which a court or other entity of the state's judicial department must comply before it can deny a request made by a disabled person for an accommodation. As Subsection (2) of GR 33 states:

> **(2) Determination.** A request for accommodation may be denied only if:
>
> **(A)** the person requesting application has failed to satisfy the substantive requirements of this rule; or
>
> **(B)** the court is unable to provide the requested accommodation on the date of the proceeding and the proceeding cannot be continued without significant prejudice to a party; or
>
> **(C)** permitting the applicant to participate in the proceedings with the requested accommodation would create a direct threat to the health or well being of the applicant or others.
>
> **(D)** the requested accommodation would create an undue financial or administrative burden for the court; or would fundamentally alter the nature of the court service, program, or activity under (i) or (ii):
>
> **(i)** An accommodation may be denied based on a fundamental alteration or undue burden only after considering all resources available for the funding and operation of the service, program, or activity, and must be accompanied by a written statement of the reasons for reaching that conclusion.
>
> **(ii)** If a fundamental alteration or undue burden would result from fulfilling the request, the Court shall nevertheless ensure that, to the maximum extent possible, individuals with disabilities receive the benefits or services provided by the court.

## II.   DETAILS OF MR. LANGADINOS' DISABILITIES

Mr. Langadinos suffers from a spinal cord injury, neurogenic bladder disorder. See Medical Records of Dr. Royal Park dated March, April, May and June 2020 within Volume 1, pages 12, 13, 14, and 15. Dr. Royal Park describes Mr. Langadinos as suffering from; *"complicated urologic condition that includes urinary urgency and frequency." "Because of this, it is difficult for him to sit at a computer for extended periods of time."* See also medical records from Massachusetts General Hospital which Langadinos attached to his March 27, 2020 Fax annexed within Volume 1, pages 7-8 as to disability verification.

In April 2017, Langadinos obtained a letter from his treating primary physician, Dr. James Levenson, M.D., written to the Washington State Bar, in pursuit of taking the July 2017 Bar Exam. As a result of medical treatment, Langadinos was unable to travel to Washington State to undertake the Bar Exam for the July 2017 Bar exam. Langadinos has had an interest in becoming a member of the Washington State Bar as far back as year 2017. See Letter of Dr. James Levenson dated April 20, 2017, and attached within Record Appendix Volume 1, page 16, and 17. Langadinos' diagnosis as suffering attention deficit hyperactivity disorder, and attentional problems, and difficulties, which according to Dr. Levenson, "in circumstances of stress, his attentional abilities worsen."

While Mr. Langadinos attempted to register to take the July 2020 Washington State Bar Exam, his serious disabilities along with numerous WSBA web site issues prevented him from completing the application on WSBA's web site before the deadline.

III. **WSBA IMPROPERLY NEGLECTED TO ENGAGE IN THE INTERACTIVE PROCESS REQUIRED BY DISABILITY LAW AFTER HAVING RECEIVED MR. LANGADINOS' MARCH 27, 2020 WRITTEN REQUEST FOR A REASONABLE ACCOMODATIONAND HIS SUBSEQUENT FURTHER ORAL REQUESTS TO MESSRS. HENRY, SCIUCHETTI, AND MS. MCELROY IN JUNE AND JULY OF 2020**

It is clear that WASB had a duty to diligently follow up Mr. Langadinos' requests for reasonable accommodation instead of effectively ignoring it and brushing it aside as it thus far has done. In *Duvall v. Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001) (quoting *Wong v. Regents of the University of California*, 192 F.3d 807, 818 (9th Cir. 1999)), the United States Court of Appeals for the Ninth Circuit stated as follows:

> A public entity's duty on receiving a request for accommodation is well settled by our case law and by the applicable regulations. It is required to undertake a fact-specific investigation to determine what constitutes a reasonable accommodation… [T]he Acts create a duty to gather sufficient information from the [disabled individual] and qualified experts as needed to determine what accommodations are necessary.

Not only has the WSBA thus far failed to "undertake a fact-specific investigation" of Mr. Langadinos' request for a reasonable accommodation as it was, however, required by law to do, the WSBA appears also to have denied Mr. Langadinos' request in defiance of General Rule 33 of the Washington State Courts.

## CONCLUSION

It would be inequitable and violative of the Washington State and Federal disability laws and GR 33 as well as of the Order of the Supreme Court of Washington No. 25700-B-449, December 3, 2004 ("In the Matter of the Access to Justice Principles") to deprive Mr. Langadinos of access to admission to the Washington State Bar in September 2020 because of his disability. For this reason, Mr. Langadinos respectfully renews his request to the WSBA - both as a reasonable accommodation to his disability and as a simple matter of fairness, in view of the WSBA's failure properly to assure the functionality of its admissions web site - to allow

him now to file an application for admission in September of 2020 to the Washington State Bar *nunc pro tunc* as of March 3, 2020, on which date Mr. Langadinos first sought -- unsuccessfully through no fault of his own, but rather as a result of his disability and of the WSBA's failure -- to apply to the WSBA for admission to the Bar.  As evidentiary support for this petition, I submit herewith at Mr. Langadinos' Request, Record Appendix Volumes 1-3, as well as an Affidavit from Mr. Langadinos.

Respectfully submitted:

James E. Neyman and Associates, P.C.
James E. Neyman, Esq.
76 Canal Street, 3rd Fl.
Boston, MA 02114

Dated August 3, 2020

8

# EXHIBIT "9"

## <u>AFFIDAVIT OF GREGORY LANGADINOS</u>

**I Gregory Langadinos depose and state all of the following under the pains and penalties of perjury;**

1.    My name is Gregory Langadinos, and I am an adult of sound mind.

2.    I am a graduate of an ABA approved law school known as the Appalachian School of Law who received my J.D.

3.    I have prepared this Affidavit and have submitted it to my Attorney James Neyman in an attempt to seek amicable resolution before this State Agency on my behalf, and to resolve the grievance I have with the WASB, according to its bylaws, and other laws involving the special circumstances which unfairly prevented me from filing in a timely manner my application for admission to take the July 2020 Washington State Bar exam.

4.    I set forth in this Affidavit the facts on the basis of which I believe that I should be allowed to file my application for admission in September of 2020 to the Washington State Bar *nunc pro tunc* as of March 3, 2020, the date on which I originally sought -- unsuccessfully through no fault of my own but, rather, because of the failure of the WSBA properly to maintain its web site compounded by my personal disabilities -- to apply to the WSBA for the admission in July of 2020.

5.    On March 3, 4, 5, and 6, of 2020, I repeatedly attempted to apply over the internet to take the July 2020 Washington State Bar examination by using the web site maintained by the WSBA for that purpose, but was prevented from doing so because WSBA's web site was not working properly and also because nobody from WSBA ever responded to my repeated telephonic and fax inquiries for assistance. See Record Appendix Volume 1, pages 1-11.

1

6. As documented by the affidavit of Ms. Kazenzeva which is submitted herewith, I made approximately eight (8) phone calls to the WSBA in early March of 2020, and also sent a fax to Mr. Gus Quiniones, the Admissions Manager of the WSBA on March 27, 2020. See Record Appendix Volume 1, pages 1-11.

7. In the March 27, 2020 letter which I faxed to Mr. Quinones, and requested: (1) an alternative manner through which I might complete my application for the July 2020 WSBA Bar; and (2) a reasonable accommodation under the ADA in connection with the taking of the examination in the form of extra time. I never received a returned phone call or an email from anyone at WASB. See Record Appendix Volume 1, pages 1-11.

8. During the months of March, April and May, I had undergone medical treatment, and I was taking several antibiotics, and other medications that made me drowsy in preparation of undergoing Urolyft and Laser surgery with Dr. Royal Park MD, to correct defects to my prostate and bladder as confirmed by my treating physician See medical record of Dr. Royal Park. See Record Appendix Volume 1, pages 12-15.

9. During the week of June 15, 2020, I contacted Ms. Lisa Armstrong of the Washington Supreme Court about my application, in pursuit of a solution which Judge Stephens' Order conferred upon the WSBA the discretion to deal equitably with such special circumstances as those presented by the instant matter, believing that my applications from March were received and because I was finally issued User Account number 9880864 in mid-June.

10. I believed in mid-June 2020 that I could elect to receive the Diploma Privilege because when I was issued User Account number 9880864 it was days after Judge Stephens' Order granting the Diploma Privilege on June 12, 2020, and I believed my previous applications were all received.

11. I explained to Ms. Armstrong the defects in WSBA's web site deprived me of the "full and equal" access to the WSBA Bar admission process as that enjoyed by the other non-disabled applicants who Mr. Henry was able to help through the process notwithstanding its defects.

12. WSBA Associate Director for Regulatory Affairs Robert W. Henry emailed me after I sent emails to Attorney McElroy, and others within the WASB, and the Washington Supreme Court Mr. Henry and I finally spoke on June 26, 2020 around 2:00 PM. Mr. Henry advised me that time, *inter alia*, that he was aware of several other applicants that had also been unable to access the WSBA's web site due to the site's malfunctioning. Mr. Henry further noted to me that each of those cases had been satisfactorily resolved on an individual basis.

13. During my June 26, 2020 conversation with Mr. Henry, he further stated to me that he was unaware of who the ADA Coordinator was for the WASB or the Washington Supreme Court. I then searched the WASB web site while still on the telephone with Mr. Henry, and gave him the names of two individuals that are designated to be the ADA Coordinator, and he then stated, (wrongfully); and (incorrectly); that reasonable accommodations **are only** granted to persons taking examinations, and not for persons that could not access the WASB web site or seek an alternative manner in which to apply.

14. The WASB web site listed both Julie Shankland (julies@wsba.org or call 206.443.9722) as well as Shelly Bynum as ADA Coordinators. The web site appears to have been changed since July 3, 2020, and now lists only Attorney Shankland as an ADA Coordinator. See https://www.wsba.org/docs/default-source/legal-community/committees/committee-on-professional-ethics/agendas/opma-notice-2.pdf?sfvrsn=ef8b0cf1_6.

15. One week later, on Friday, July 3, 2020, Mr. I spoke with WSBA's General Counsel Jean McElroy about my application, on which occasion I reported to her what Mr. Henry had told

me about the difficulties which other applicants had experienced.  Attorney McElroy replied that she doubted that Mr. Henry would ever have made such a statement.  I also pointed out to Attorney McElroy that Mr. Henry did not seem to be aware of the scope of the ADA as applied to bar admissions.

16.  During my conversation with Attorney McElroy, she stated that she doubted that I ever applied for the WASB in March, or April, or had ever faxed anything to the WASB, based on the fact that when I emailed her and other officials, I mentioned only June 2020.  I explained to her that my reasoning was that the username and account number which I had finally obtained on June 12, 2020 related back to my previous attempts to file an application.  As such, I reasonably believed that the applications I had submitted on March 3, 4, 5, and 6th had been received, and issues related to my application and fee from March 2020 were now moot.

17.  On July 15, 2020 I sent an e-mail message to Mr. Henry, (with c.c. to Attorney McElroy) in which I requested from Mr. Henry confirmation of what Mr. Henry had previously stated to me on June 26.  Mr. Henry, however, has never responded.  It appears to me that the WSBA is attempting to conceal the fact that its web site malfunctioned during a critical period.

18.  At this point General Counsel McElroy turned this matter over to Lisa Amatangel, Associate Director of Litigation and Internal Operations who sent an e-mail message to me dated Monday July 20, 2020 at 3:00 PM in which she stated that she was "responding" to my e-mail messages dated July 15, 2020 to Mr. Henry and to Attorney McElroy.

19.  Attorney Amatangel however, in her response never addressed in any manner my request for a confirmation from Mr. Henry of what Mr. Henry had told me over the telephone on June 26, 2020, that (that he was aware that a number of other applicants had also been unable to complete their applications on the WSBA's web site due to the site's malfunctioning).

4

20. On July 8, 2020, around 2:30 PM, Attorney Kyle D. Sciuchetti's Assistant Heather call me back and I explained how urgent my request was to seek an enlargement of time under Bylaws, and Federal and State laws of Washington to submit my application and all the circumstances I have experienced.

21. However, WSBA's Board of Governors, Kyle D. Sciuchetti never called me back.

22. I have suffered a great deal of stress and anxiety and mental anguish of mind since the month of March 2020, based on all of the neglect I have experienced, by the failure of the Washington State Bar Association to uphold and follow its own Bylaws, as well as Washington State and Federal disabilities laws.

23. Specifically, the WASB Bylaws Functions pg. 1, numeral 7., states **"In general the Washington State Bar Association (Bar) strives to: protects the public and respects the rights of the applicant or member".**  See Record Appendix Volume 1, page 29.

**I HAVE PERSONALLY PREPARED THIS AFFIDAVIT BASED ON MY OWN PERSONAL KNOWLEDGE AND MY OWN PERSONAL EXPERIENCE UNDER THE PAINS AND PENALTIES OF PERJURY.**
Signed on this 4th , day of August 2020.

Gregory Langadinos
16150 Sand Canyon Avenue
Unit 327
Irvine, CA 92618
(617) 650-2693
glangadinos@yahoo.com
gregdinos8@gmail.com

# EXHIBIT "10"

**From:** Lisa Amatangel [mailto:Lisaa@wsba.org]
**Sent:** Tuesday, August 11, 2020 12:29 PM
**To:** James Neyman <james@neymanandassociates.com>
**Subject:** Your letter 8.3.20 (Greg Langadinos)

Dear Mr. Neyman,

I received your letter dated 8.3.20 in which you state your belief that Mr. Langadinos is "equitably entitled" to be admitted to the WSBA. Please know that the WSBA operates under the delegated authority of the Washington Supreme Court. I am aware, through email correspondence provided by Mr. Langadinos to the WSBA, that Mr. Langadinos previously requested diploma privilege from the Washington Supreme Court, and that request was denied (see Email from Chief Justice Stevens to Mr. Langadinos dated 6.25.20, at 8:57 p.m.). Please be assured that the WSBA will respond promptly to any request from the Court for information regarding Mr. Langadinos; to date, we have received no such request. Finally, please note that any future communication to WSBA on this matter should be directed to me.

Sincerely,



**Lisa Amatangel | Associate Director Litigation and Internal Operations | Office of General Counsel**
**Washington State Bar Association** | 206.727-8273 | lisaa@wsba.org
1325 Fourth Avenue, Suite 600 | Seattle, WA 98101-2539 | www.wsba.org
The WSBA is committed to full access and participation by persons with disabilities. If you have questions about accessibility or require accommodation please contact julies@wsba.org.

# EXHIBIT "11"

# JAMES E. NEYMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

76 Canal Street, 3rd Floor Boston, MA 02114
617.723.2627 Facsimile: 617.723.2608
www.neymanandassociates.com

James E. Neyman, Esq.
james@neymanandassociates.com

August 12, 2020

Lisa Amatangel, Associate Director Litigation and Internal Operations
Office of General Counsel of the Washington State Bar Association
1325 Fourth Avenue, Suite 600
Seattle, WA 98101-2539
Via e-mail to lisaa@wsba.org;

re: Formal petition by Gregory Langadinos for diploma privilege for admission to the
Washington State Bar in September 2020; and request for a reasonable accommodation and
modification pursuant to: Title II of the Americans with Disabilities Act; the Rehabilitation Act
of 1973; and the Washington State Law against Discrimination.

Dear Attorney Amatangel:

I send you the following response to your e-mail message of Tuesday, August 11, 2020 at 12:29
PM (Boston time) in which you assert that "that Mr. Langadinos previously requested diploma
privileges from the Washington Supreme Court, and that request was denied (see Email from
Chief Justice Stevens to Mr. Langadinos dated 6.25.20, at 8:57 p.m.)."

Your above-reproduced assertion is inaccurate because Mr. Langadinos never requested diploma
privileges from the Washington Supreme Court.

In communications with Jean K. McElroy, Esq., Chief Regulatory Counsel of the Washington
State Bar Association ("WSBA"), Mr. Langadinos had previously explained that he had been
prevented from completing his application for admission to the Washington State Bar in a timely
fashion because: (1) the admissions web site was broken/operating improperly, when he
opportunely attempted to apply; (2) he opportunely but unsuccessfully had made every attempt
he reasonably could be expected to have made to contact the WSBA about the foregoing
problem; (3) he had been materially hampered in dealing with the problem because he is a
disabled person. Mr. Langadinos has presented substantial evidence in support of each of these
assertions to Attorney McElroy. Because of these circumstances, Mr. Langadinos requested as a
reasonable accommodation to his disabilities that his application be deemed to have been
appropriately made.

Frustrated because of Chief Counsel McElroy's unwillingness to seriously consider discussing
whether the accommodation to his disabilities sought by Mr. Langadinos was reasonable, on
June 23, 2020 Mr. Langadinos in desperation called and spoke with Lisa Armstrong,
Administrative Coordinator of the Washington Supreme Court Commissioner's Office, at which
time he explained his situation and his frustration. Coordinator Armstrong told Mr. Langadinos

1

that her office could not provide him with any assistance but did on the same date send the following e-mail message to Chief Counsel McElroy:

> "We received a phone call today from Mr. Langadinos, regarding his efforts to contact the WSBA. After explaining his situation and his needs, he asked if there was anything our office could do to help him out. As we explained to Mr. Langadinos, our office cannot provide him with any assistance concerning matters, however, we are reaching out to you to let you know that he contacted us. Mr. Langadinos asked that he be contacted to set up a Thursday or Friday phone call with your office."

Coordinator Armstrong appears, nonetheless and without Mr. Langadinos' knowledge, to have brought the matter to the attention of Chief Justice Stevens who, on June 25, 2020, generously took the time to write a very kind and thoughtful personal letter to Mr. Langadinos in which she stated, however, that the cutoff date for applications established by the Supreme Court's order of June 12th was hard and fast and that an exception could not be made for Mr. Langadinos. Unfortunately, that letter reflects that Chief Justice Stevens had not been advised of material factual aspects of Mr. Langadinos' issue, most notably about: (1) the malfunctioning of the WSBA's admissions web site; (2) Mr. Langadinos' diligent efforts to file a timely application before the deadline notwithstanding that malfunctioning; and (3) the circumstance that he is a disabled person who was materially impeded by his disabilities from timely filing by dealing with the malfunctioning website.

Significantly, nothing in Chief Justice Stevens' letter of June 25, 2020 even remotely suggests that she had been made aware of any of these highly relevant circumstances, even though Mr. Langadinos' had orally explained them at length over the telephone to Coordinator Armstrong who appears subsequently to have brought the matter to the attention of Chief Justice Stevens. Had the Chief Justice been made aware of those circumstances pertinent to Mr. Langadinos' request for a reasonable accommodation and that he was seeking one, she presumably would have discussed those circumstances in the same meticulous detail with which she  escribed in her letter the historical context in which the Supreme Court's order of June 12th had been finalized.  It is a virtual certainty that the Chief Justice would not knowingly have denied as, however, she inadvertently in effect did; a request for reasonable accommodation (which, furthermore, appears not even to have been presented to her) from a disabled person without having engaged in the slightest examination of the relevant facts.  Such would have been a denial of both of Mr. Langadinos' constitutional right to due process as well as of his rights pursuant to title II of the Americans with Disabilities Act ("ADA").

The WSBA pays routine lip-service to the rights of the disabled.  Indeed, each of the e-mail messages which Mr. Langadinos has received from various officials of the WSBA ends with the following (apparently automatically inserted) assertion: "The WSBA is committed to full access and participation by persons with disabilities."  If that assertion is not mere sanctimonious boilerplate, why then has the WSBA given such short shrift to Mr. Langadinos' request for a reasonable accommodation?  Where is the "interactive process" and examination of the specific facts mandated by the ADA to which Mr. Langadinos is entitled?

2

In a telephone conversation between Langadinos and Robert Henry on Friday June 26, 2020, Henry admitted he knows about numerous other would be applicants that like Langadinos were unable to access the WSBA web site. Mr. Langadinos brought this issue to the attention of Ms. McElroy one week later who stated she doubted Henry would say such a thing. These actions are improper under the ADA and RCW 49.60.010.

Mr. Langadinos' own Affidavit, and three Record Appendix volumes including medical records in support of his disabilities submitted last week, were never acknowledged by your email of yesterday August 11, 2020 and apparently were never reviewed. We allege that all of these actions violate the ADA, and, especially the requirement to engage in the "interactive process" to resolve Langadinos' requested accommodations and modifications under Title II of the ADA.

In conclusion, I respectfully suggest that the cursory, off-handed and dismissive treatment by the WSBA of Mr. Langadinos' perfectly justifiable request for a reasonable accommodation constitutes a flagrant dereliction by the WSBA of its responsibilities under the ADA and RCW 49.60.010– and responsibilities which the WSBA, however, has embraced and to which it proudly proclaims itself to be "committed."

At the present, I respectfully urge the WSBA by voluntarily and promptly fulfilling its duties under the ADA and RCW 49.60.010; to spare Mr. Langadinos the substantial anguish and significant expense associated with hiring local counsel in pursuit of his being obliged to seek a remedy in the United States District Court as well as numerous WA State and Federal Agencies.

Respectfully submitted:

James E. Neyman and Associates, P.C.
James E. Neyman, Esq,
76 Canal Street, 3rd Fl.
Boston, MA 02114

Cc:
Armstrong, Lisa <Lisa.Armstrong@courts.wa.gov>
Bobby Henry <roberth@wsba.org>
Jean McElroy<jeanm@wsba.org>
Johnston, Michael <Michael.Johnston@courts.wa.gov>
Julie Shankland <julies@wsba.org>
Stephens, Justice Debra L. <Debra.Stephens@courts.wa.gov>
Vandervort, Judy Judy.Vandervort@courts.wa.gov
Rajeev@whatcomlaw.com

3

# EXHIBIT "12"

**From:** Lisa Amatangel <Lisaa@wsba.org>
**Date:** August 14, 2020 at 8:01:41 PM EDT
**To:** "'james@neymanandassociates.com'" <james@neymanandassociates.com>
**Subject: Your correspondence dated 08.12.20 (Greg Langadinos)**


Dear Mr. Neyman,


We received your request for a conference call to discuss an accommodation for Mr. Langadinos. Our understanding of the materials that you and Mr. Langadinos have submitted is that you are seeking an accommodation from the WSBA relating to prior efforts by Mr. Langadinos to apply for the Washington bar exam. As you know, we cannot provide an accommodation for an event or service that has already occurred. Moreover, to date, we have identified no information or Bar record to support the allegation that Mr. Langadinos attempted to apply for the Washington bar exam last March. If I have misunderstood your request and Mr. Langadinos is seeking an accommodation in order to fully participate in a future WSBA event or service, please let me know: (1) the date(s) and time(s) the accommodation will be needed, (2) the specific accommodation you are requesting and why it is necessary, and (3) any additional information that would help us respond to your request; once we have this information we will engage in an interactive process with Mr. Langadinos or counsel, as appropriate.


Sincerely,



**Lisa Amatangel | Associate Director Litigation and Internal Operations | Office of General Counsel**
**Washington State Bar Association**| 206.727-8273 | lisaa@wsba.org
1325 Fourth Avenue, Suite 600 | Seattle, WA 98101-2539 |www.wsba.org
The WSBA is committed to full access and participation by persons with disabilities. If you have questions about accessibility or require accommodation please contactjulies@wsba.org.

# EXHIBIT "13"

**James Neyman** <james@neymanandassociates.com>
To:lisaa@wsba.org
Cc:Greg Langadinos
Tue, Aug 18, 2020 at 2:40 PM

August 18, 2020

Dear Attorney Amatangel,

I thank you for your e-mail message to me of Friday August 14, 2020 in which you responded to the request which I had directed to you on behalf of my client, Mr. Gregory Langadinos, for a conference call in the course of which we might together seek to find a reasonable accommodation – and resolution of this matter which could involve appropriate modifications in WSBA policies and procedures - - to his disabilities which have thus far precluded his access to participation in the Diploma Privilege bar induction ceremony scheduled to be held by the WSBA on September 9 and 10 of this year.

I further appreciate your acknowledgement in the e-mail message of the evidentiary materials which have been submitted to your agency on Mr. Langadinos' behalf, which materials include Mr. Langadinos' affidavit, Record Appendix Volumes 1, 2, and 3, which corroborate that Mr. Langadinos was, jointly due to his disability and the WSBA's failure to render its bar application website accessible to such disabled persons as he, unable, despite his best and diligent efforts, to register for the July 2020 Bar exam.

In your e-mail message you stated that "we cannot provide an accommodation for an event or service that has already occurred." Although the July 2020 Bar exam induction and issuance of the Diploma Privilege has already occurred, "but for" the malfunctioning of the WSBA's website for application for admission to the bar, Mr. Langadinos would have been able timely to have applied, and the event wouldn't be in the past. In addition, the request for a reasonable accommodation which I directed to you on Mr. Langadinos' behalf is merely a renewal of his previous opportune request, since he in a timely fashion prior to the deadline requested a reasonable accommodation to his disability by fax on March 27, 2020. The fax confirmation sheet evidences that the fax was received by the WSBA on that date. See Volume 1, page 11.

In your email message you write that "to date, we have identified no information or Bar record to support the allegation that Mr. Langadinos attempted to apply for the Washington bar exam last March."

However, Mr. Langadinos did submit an affidavit from Ms. Kazenzeva, who is a disinterested hotel employee, in which she confirms having sent the fax to the WSBA at Mr. Langadinos' request and further confirms that Mr. Langadinos also made eight phones calls to the WSBA. Mr. Langadinos has already provided you

with a copy of the fax confirmation page confirming receipt by the WSBA's fax machine of the March 27, 2020 fax. See Volume 1, pages 1-3, 4-11.

In addition, on June 26, 2020 Mr. Robert Henry, WSBA's Associate Director of Regulatory Services, advised Mr. Langadinos in a telephone conversation that he (Mr. Henry) was aware that other applicants for admission had experienced disruptions and reported malfunctions with the WASB website at around the same time that Mr. Langadinos experienced them. Therefore, with all due respect, contrary to your assertion that "we have identified no information or Bar record to support the allegation that Mr. Langadinos attempted to apply for the Washington bar exam last March," you do possess evidence in the form of Mr. Henry's testimony which supports Mr. Langadinos' allegation that in March of 2020 he tried but was unable to apply and register for the July 2020 WASB Bar exam. Furthermore, in the e-mail message (reproduced below) which Attorney McElroy sent to Mr. Langadinos on July 2, 2020, at 6:22 PM, she instructed Mr. Langadinos not to send any more faxes because "because people are working from remote locations most of the time."

It appears that, because of the pandemic, the offices of the WSBA had been effectively closed during last March and that virtually all of the WSBA staff had been working remotely from their respective homes at that time. For this reason, Mr. Langadinos was unable to reach anyone at the WSBA by telephone at that time. For the same reason, nobody in the WSBA office returned Mr. Langadinos' eight phone calls nor was anyone available to pick up from WSBA's fax machine the fax which Mr. Langadinos had sent to the WSBA on March 27, 2020. In view of the understandably total disarray into which the pandemic had plunged the WSBA at that time, it would not be surprising if the fax which Mr. Langadinos sent to WSBA's empty office on March 27, 2020 might not have been either misplaced, or misfiled attached to another fax or faxes which had been sent to the same fax machine both before and after, or simply discarded. Because of this, the mere circumstance that you now nearly five months later cannot find the fax does not fairly support your apparent conjecture that the fax had never been received by your office or, perhaps, had never even been sent.

Nowhere on the WSBA website, was there any notice to alert bar applicants that "people are working from remote locations most of the time" and, therefore, would not respond to faxes or answer their telephones. The WSBA provided no alternative means of application which would have allowed disabled applicants to download a pdf or Word file which they could have filled out and returned to the WSBA by fax, e-mail, or U.S. mail.

I respectfully suggest to be disingenuous your assertion that "we cannot provide an accommodation for an event or service that has already occurred," when the WSBA's website was not handicap accessible or in compliance with the countless legal authorities cited within the WSBA's own publication "Ensuring Equal Access for People with Disabilities - A Guide for Washington

Administrative Proceedings -- May 2011. Moreover, the event or service for which Mr. Langadinos seeks an accommodation -- the Diploma Privilege bar induction ceremony scheduled to be held by the WSBA on September 9 and 10 of this year -- obviously has not already occurred.

In response to your request that Mr. Langadinos list the accommodations and modifications he seeks to fully participate in a future WSBA event or service, I advise that Mr. Langadinos specifically seeks the following requested reasonable accommodation, and modifications to WASB deadlines for not being able to access the WASB web site, and apply and register the first week of March 2020;

(1). The date(s) and time(s) the accommodation will be needed.

Mr. Langadinos seeks participation into the September 9, and 10, 2020 induction and/or issuance of the Diploma Privilege, at the scheduled time assigned by the WSBA.

(2). The specific accommodation you are requesting and why it is necessary.

(a). The specific accommodations Mr. Langadinos is seeking are to be immediately provided with an alternative application to complete (as soon as possible since time is of the essence), such as in the form of a WORD document for the September 2020 Bar, (Diploma Privilege) as a reasonable accommodation and/or modification in policies, pursuant to: Title II of the Americans with Disabilities Act, 42 USC section 12149, and sections 12164, 28 C.F.R. Part 35 (1991); 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 793, 75 Federal Register 43460, 81 Federal Register 28658.

(b). To be allowed to mail in the $ 585.00 application fee by check to process the September 2020 Bar application: and

(c). Request that the WSBA contact the Missouri Board of Law Examiners to obtain Mr. Langadinos' recent February 2019 complete Bar application record and papers submitted which include all Law School Official transcripts, Dean's Certificates, and other documents submitted by Mr. Langadinos to the Missouri Bar, including letters of recommendation, and other required admission documents to submit to the WSBA as an abundance of caution due to ongoing Covid19, closures, and business interruption to expediate completion of the September 2020 WASB bar application by Mr. Langadinos of all necessary paperwork and responses to WSBA application questions and to narrow down the remaining outstanding documents that Mr. Langadinos needs to submit to the WSBA.

All of the above requested accommodations are necessary to prevent Mr. Langadinos from being unlawfully deprived and excluded from the September 9, and 10, 2020 Diploma Privilege event because he was unable, because of his

disabilities, to cope with the malfunctioning and handicapped-unfriendly WSBA website, with the result that he was unable -- despite his best and diligent efforts -- timely to apply for and register to participate in the July 2020 Washington State Exam.

Dr. Royal Park, one of Mr. Langadinos' treating physicians, described one pertinent aspect of Mr. Langadinos' disabilities in his letter to Attorney McElroy of July 14, 2020. Dr. Park advised that Mr. Langadinos cannot sit at a computer for extended periods of time -- which the malfunctioning of WSBA's website forced him to attempt to do. See Dr. Park letter attached as a separate pdf file. Because of this disability Mr. Langadinos could not complete his application for bar admission on March 3, 4, 5, and 6, 2020, and was unable to save his work or to apply to the WSBA using an alternative application format as no alternative mechanism existed. The inaccessibility of WSBA's website violates the federally recognized Web Content Accessibility Guidelines (WCAG 2.0). See Robles v. Domino's Pizza, LLC, 913 F.3d 898 *; 2019 U.S. App. LEXIS 1292 **; 2019 WL 190134. See also Gil v. Winn-Dixie Stores, Inc., 257 F. Supp. 3d 1340, 2017 U.S. Dist. LEXIS 90204, 2017 WL 2547242 (S.D.Fla.), reproduced at Record Appendix Volume 2, page 9.

In Robles, the 9th Circuit also discussed Title II's "readily accessible" and "usable" standards to which apply to WASB, to determine whether the city violated the ADA. See Robles v. Domino's Pizza, LLC, 913 F.3d 898 *; 2019 U.S. App. LEXIS 1292 **; 2019 WL 190134.

On March 3, 4, 5, 6, 2020 and continuously into the future, the WASB web site malfunctioned and failed to operate in a "readily accessible" and "usable" manner preventing Mr. Langadinos from applying and registering for the July 2020 WA bar exam, resulting in his lost opportunity to obtain the diploma privilege, through no fault of his own. He now requests to cure this injustice amicably.

3). Additional information that would help respond to Langadinos' request.

Additional information that Mr. Langadinos has provided and asks the WSBA to consider in responding to his request for reasonable accommodations and modifications are: Affidavit of Gregory Langadinos, two letters from my firm, Record Appendix Volume 1, containing all the written proof Mr. Langadinos has submitted that evidences he applied but was unable to complete his application to the WSBA the first week of March 2020; and Volumes 2 and 3 containing legal authorities governing the duties of State Agencies.

See also WSBA's own publication "Ensuring Equal Access for People with Disabilities - A Guide for Washington Administrative Proceedings -- May 2011. See also WSBA Bylaw XVII., Emergency Amendment; Presidential Authority During Covid-19 Emergency, (Expires April 24, 2020) granting the WSBA President discretion to "reasonably modify, extend, or make exceptions to the

dates, deadlines, or communications procedures in the current Admissions Policies, and exam administration guidelines and policies. Volume 1, pg. 32. None of Mr. Langadinos' above described requested reasonable accommodations and modifications to WASB policies and procedures, and requests to extend the deadline to allow him to be inducted into September 9, and 10, 2020 Diploma Privilege ceremony fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or result in an undue burden, or cause the WASB to incur costs. See 42 U.S.C.S. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(a).

Please respond to this submittal early enough to permit Mr. Langadinos access to participation in the Diploma Privilege bar induction ceremony scheduled to be held by the WSBA on September 9 and 10 of this year. For your convenience, I have reproduced below two pertinent emails sent by your office as well as a medical record and Ninth Circuit case. Please feel free to contact me to resolve this matter amicably.

Sincerely,

James E. Neyman, Esq.

--------- Forwarded message ---------
From: Jean McElroy <jeanm@wsba.org>
Date: Thu, Jul 2, 2020, 6:22 PM
Subject: telepohne call today

# EXHIBIT "14"

<u>Sent from Yahoo Mail on Android</u>

On Tue, Sep 1, 2020 at 11:48 AM, OFFICE RECEPTIONIST, CLERK <SUPREME@COURTS.WA.GOV> wrote:

Mr. Langadinos:  The Supreme Court Clerk's Office has received several emails from you regarding your request for accommodations related to your attempt to register for the July 2020 bar examination.  We have also been cc'd on several other emails from you regarding this.  It appears from my review of your emails, and the documents attached to them, that the WSBA has considered your request for accommodation and denied it.  You also sought assistance from the Chief Justice and she responded to your request by email on June 25, 2020.  Though I understand that you are unsatisfied with the WSBA's refusal to accommodate your request, by court rule, the administration of the bar examination is delegated to the WSBA.  There is no process for appealing such individual determinations to the Supreme Court.

Last, I would note that as Clerk, I cannot assist you with this matter, nor can I provide you legal advice as to how to proceed.

Sincerely,

Susan L. Carlson, Clerk

Washington Supreme Court

**From:** Greg Langadinos [mailto:glangadinos@yahoo.com]
**Sent:** Tuesday, September 1, 2020 12:42 AM
**To:** OFFICE RECEPTIONIST, CLERK <SUPREME@COURTS.WA.GOV>
**Cc:** HumanResources <humanresources@courts.wa.gov>
**Subject:** Fw: Gregory Langadinos requests for reasonale accomodations/modifications by James Neyman Re: Your correspondence dated 08.12.20 (Greg Langadinos)

Dear Honorable Clerk Carlson,

This is the third written communication my Attorney sent to Attorney Amatangel, who is not the ADA Coordinator, but has been put up to act like the ADA Coordinator, by the General Counsel and true ADA Coordinator Julie Shankland, and Attorney Jean McElroy.

These actions have obstructed my right to obtain a remedy and cure for not being able to apply to the Washington State Bar in the first week of March.

I have been unlawfully cheated out the Diploma Privilege, and was unable to submit my timely application from March 3 through March 6, 2020, on account of the malfunctioning WASB web site, which WASB Employee Robert Henry admitted to me over the phone on Friday July 26, 2020 around 2: 00 pm when he called me that he is aware of other applicants who also couldn't access the web site.

Despite Attorney McElroy's email below I direct you to scroll down and read dated July 2, 2020 whereby she originally offered to resolve this matter and invited me in good faith to submit my proof to her that I applied in early March, as she stated in the 3rd paragraph

"I want to be sure that we've given you a full chance to present all of the information that supports your position that you tried to apply for the July Bar exam in Washington and were not able to do so because of a problem with our computer application system, so we can give your position full consideration."

But once I emailed Robert Henry and cc'd Attorney McElroy asking Henry to provide a written sworn statement confirming he has personal knowledge that other applicants were also unable to access the WASB WEB SITE, suddenly the Junior Associate Attorney Lisa Amatangel emailed me to block and obstruct me, from obtaining a resolution, under the false pretense that she is Attorney McElroy's supervisor, which is not.

This is not how to treat a disabled person, that has survived a school shooting,

but still managed to graduate from law school. The actions of Amatangel, McElroy, and Shankland, have so far cost me almost $ 2,000.

If i continue to incur costs to hire counsel or work on this matter on my own and file Administrative complaints, I will seek reimbursement from the WASB.

I am no longer represented by counsel because the WASB rejected my former Attorney's good faith offers to mediate this matter as the WASB Bylaws offer such a process. See page 1-2 of Bylaws.

I have received by email the specialized forms to requests a reasonable accomadations under Rule 33 seeking all of the following once again, the same relief I requested from Lisa Amatangel;

I formally seek all of the following requested reasonable accommodation, and modifications to WASB deadlines for not being able to access the WASB web site, and apply and register the first week of March 2020;

1. To be allowed to reapply to the WASB using an alternative format application, to be immediately provided with an alternative application to complete (as soon as possible since time is of the essence), such as in the form of a WORD document as a reasonable accommodation and/or modification in policies, pursuant to: Title II of the Americans with Disabilities Act, 42 USC section 12149, and sections 12164, 28 C.F.R. Part 35 (1991); 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 793, 75 Federal Register 43460, 81 Federal Register 28658.

2. To be allowed to mail in the $ 585.00 application fee by check to process the September 2020 Bar application: and

3. Request that the WSBA contact the Missouri Board of Law Examiners to obtain my recent recent February 2019 complete Bar application record and papers submitted which include all Law School Official transcripts, Dean's Certificates, and other documents submitted by Mr. Langadinos to the Missouri Bar, including letters of recommendation, and other required admission documents to submit to the WSBA as an abundance of caution due to ongoing Covid19, closures, and business interruption to expediate completion of the September 2020 WASB bar application by Mr. Langadinos of all necessary paperwork and responses to WSBA application questions and to narrow down the remaining outstanding documents that Mr. Langadinos needs to submit to the WSBA.

4. To be granted the Diploma Privilege, that I should have been able to apply for

without the computer malfunctions, that I experienced from early March through April, and none of my requests for previous reasonable accommodations were ever acted on that were faxed and confirmed as received on March 27, 2020.

Please advise how I should proceed considering that the WASB has completed negelcted to follow the ADA, and all of the procedures within the Access to Justice Brochure that the WASB ifself advocates for through the Access Group.

See also WSBA's own publication "Ensuring Equal Access for People with Disabilities - A Guide for Washington Administrative Proceedings -- May 2011.

See also WSBA Bylaw XVII., Emergency Amendment; Presidential Authority During Covid-19 Emergency, (Expires April 24, 2020) granting the WSBA President discretion to "reasonably modify, extend, or make exceptions to the dates, deadlines, or communications procedures in the current Admissions Policies, and exam administration guidelines and policies. Volume 1, pg. 32.

None of Mr. Langadinos' above described requested reasonable accommodations and modifications to WASB policies and procedures, and requests to be granted the Diploma Privilege ceremony fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or result in an undue burden or cause the WASB to incur costs. See 42 U.S.C.S. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(a).

I await your reply. Please call me at (617) 650-2693.


Sincerely,

# EXHIBIT "15"

Thank you,

cid:image001.png@01D26291.F3FA68E0

**Lisa Amatangel | Associate Director Litigation and Internal Operations | Office of General Counsel**

**Washington State Bar Association** | 206.727-8273 | lisaa@wsba.org

1325 Fourth Avenue, Suite 600 | Seattle, WA 98101-2539 | www.wsba.org

The WSBA is committed to full access and participation by persons with disabilities. If you have questions about accessibility or require accommodation please contact julies@wsba.org.

cid:image001.png@01D6A093.C4CA3070

---

**4 attachments**

 **image001.png**
11K

image003.png
17K

 **image001.png**
11K

image003.png
17K

---

**Greg Dinos** <gregdinos8@gmail.com>
To: Lisa Amatangel <Lisaa@wsba.org>, julies@wsba.org, jond@wsba.org, renatag@wsba.org, brian.moran@usdoj.gov, rebecca.cohen@usdoj.gov
Thu, Feb 18, 2021 at 6:00 PM

Attorney Junior Lawyer and member of the WASB for 2 years, who is not the real and true ADA Coordinator Amatangel,

Thank you for writing to me after blowing me off six months since you received letters from the Attorney I was forced to hire because of your unlawful actions and lack of knowledge on how to properly engage in the interactive process and comply with the ADA.

First of all, you are not the Americans with Disabilities/504 Coordinator for WASB, Attorney Julie Shankland is. Also you were not ever the Supervisor, or higher authority than former Attorney Jean McElroy.

When you falsely represent that you are the ADA Coordinator, and that you are the Supervisor of a 37 year veteran Attorney, when you have only been a member of the WASB for barely over 2 years, you are acting in dereliction of your duty pursuant to the WA State Bar Rules of Professional Ethics and in addition you are violating the ADA.

You have misrepresented that you are the ADA Coordinator when you are not.

You have misrepresented to the WA State Attorney General's Office officials that you are the Supervisor for 37 year Veteran Jean McElroy when you are not.

Nowe you are back again further blocking my access to the IT Department which is responsible for the defective and malfunctioning WASB Web site.

You are intentionally engaging in a pattern of tampering with witnesses, and prohibiting me from obtaining reasonable accommodations under the ADA, and 504.

I formally request that you cease and desist from your action in tampering with witnesses, when you are not even really the ADA Coordinator.

You cannot prevent me from seeking reasonable accommodations from youir State Agency, by tampering with witnesses--but that is what you are doing.

This email will be sent to the United State DOJ Officials that are investigating your agency.

I formally renew my request to engage in the interactive process with the ADA Coordinator, Julie Shankland.

Your email of today, Thursday February 18, 2021, seeking to prevent me from recifying through Jon Dawson the Director of Information Technology the failure of your Agency to process my timely application to the WASB, which became the Diploma Privilege, constitutes tampering with witnesses.

This is not the first time the WASB has punished witnesses for testifying truthfully but unfavorably to the WASB.  See Blinka v. WASB case from early 2000's.

If a suit is filed, I will name you as a defendant, and this email will be stapled to the Civil complaint as an Exhibit.

This email has been CC'd to the U.S. Attorneys within the US DOJ Civil Rights division.

In addition, I am not  required to email you when you intentionally avoid speaking or writing to me.  I believe you think you work for some private law firm, and you can just direct me not to call your State Agency, because you have been hired to misrepresent your position within a State Agency, in an effort to purposely interfere with my civil rights.

Your actions are totally outrageous, and unlawful, and when suit is filed you will disappear behind your outside counsel, until you are deposed, and that is when you will have to explain your fraud you have perpetrated upon me as a disabled applicant and candidate for the Diploma Privilege.

Lastly, you never told Judge Deborah Stephens that I was deprived of the fair opportunity to apply to the WASB, because of the malfunctioning computer and problems with your IT Department.  You have a duty to speak, buy once again, you have neglected your duty to do so.

Please respond to my formal request to schedule a conference call about my case, as you were supposed to do back over six months ago.

Thank you

On Thu, Feb 18, 2021 at 5:14 PM Lisa Amatangel <Lisaa@wsba.org> wrote:

Mr. Langadinos:

I understand you've reached out to Jon Dawson.  I will remind you that communications from you (or, as appropriate, from any attorney representing you in a matter involving the WSBA) should be directed to me.

Thank you,

 **M** Gmail

Greg Dinos <gregdinos8@gmail.com>

---

## Communicating with the WSBA

3 messages

---

**Lisa Amatangel** <Lisaa@wsba.org>
To: "gregdinos8@gmail.com" <gregdinos8@gmail.com>, "glangadinos@yahoo.com" <glangadinos@yahoo.com>
Cc: Jon Dawson <jond@wsba.org>

Thu, Feb 18, 2021 at 5:14 PM

Mr. Langadinos:

I understand you've reached out to Jon Dawson.  I will remind you that communications from you (or, as appropriate, from any attorney representing you in a matter involving the WSBA) should be directed to me.

Thank you,



**Lisa Amatangel | Associate Director Litigation and Internal Operations  | Office of General Counsel**

**Washington State Bar Association** | 206.727-8273 | lisaa@wsba.org

1325 Fourth Avenue, Suite 600 | Seattle, WA 98101-2539 | www.wsba.org

The WSBA is committed to full access and participation by persons with disabilities. If you have questions about accessibility or require accommodation please contact julies@wsba.org.

**COVID 19:** Most WSBA employees are working remotely; click here for more information and resources.

---

**Greg Dinos** <gregdinos8@gmail.com>
Draft To: Lisa Amatangel <Lisaa@wsba.org>
Cc: glangadinos@yahoo.com, Jon Dawson <jond@wsba.org>

Thu, Feb 18, 2021 at 5:29 PM

On Thu, Feb 18, 2021, 5:14 PM Lisa Amatangel <Lisaa@wsba.org> wrote:

> Mr. Langadinos:
>
> I understand you've reached out to Jon Dawson.  I will remind you that communications from you (or, as appropriate, from any attorney representing you in a matter involving the WSBA) should be directed to me.

# EXHIBIT "16"

Our conversation yesterday

**Gaul, Judy L (ATG)**
**<judy.gaul@atg.wa.gov>**
to me

Fri, Jul 24, 11:38 AM (4 days ago)

Gregory,

In follow-up to our telephone conversation yesterday, I wanted to be sure you have the name and contact information for Jean McElroy's supervisor at the Washington State Bar Association. As I mentioned over the phone yesterday, I made an inquiry with WSBA to see who might be able to further assist you with your complaint regarding the diploma privilege. I was told that you should contact Ms. McElroy's supervisor, Lisa Amatangel, in the WSBA General Counsel's Office. Her direct telephone number is 206-727-8273.

You also said yesterday that you would like our office's Civil Rights Division to look into this matter. At this time when our agency remains in mandatory teleworking status, the most efficient way to communicate is by email. I suggest one of two options:  1) Complete and submit our office's online complaint form, which can be accessed at www.atg.wa.gov. After it is submitted, it will be reviewed by our Civil Rights Division; or 2) please feel free to send me an email in response to this message, outlining the assistance you are seeking from our office. I will then be happy to forward that information to our Civil Rights Division for review.

As we discussed yesterday, our office does not have jurisdiction over the Washington State Bar Association, but we always try to provide general information or assistance whenever possible.

Best regards,

**Judy Gaul**
**Executive Assistant to the Attorney General**
**State of Washington**
judy.gaul@atg.wa.gov

# EXHIBIT "17"

# Appalachian School of Law

Be it known that

## Greg Langadinus

having satisfied in full the requirements for the Degree of

## Juris Doctor

has been admitted to that Degree with all the rights, privileges, and honors pertaining thereto.

In witness whereof, this Diploma is granted bearing the following signatures and the school seal.

Given this eighth day of May, in the year two thousand and four.

_President_

_Dean_

20

# EXHIBIT "18"

Jeannie P. Dahnk, President
P.O. Box 207
Fredericksburg, Virginia 22404-0207
Telephone: (540) 373-9601

David R. Bobzien, President-elect
P.O. Box 8695
Reston, Virginia 20195-8695
Telephone: (703) 324-2625

Bernard J. DiMuro, Immediate Past President
DiMuro, Ginsberg and Mook, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314-3016
Telephone: (703) 684-4333

Barbara Ann Williams
Bar Counsel



# Virginia State Bar

Eighth and Main Building
707 East Main Street, Suite 1500
Richmond, Virginia 23219-2800
Telephone: (804) 775-0500

Facsimile: (804) 775-0501   TDD: (804) 775-0502

Thomas A. Edmonds
Executive Director and
Chief Operating Officer

Mary Yancey Spencer
Deputy Executive Director

Elizabeth L. Keller
Assistant Executive Director
for Bar Services

Susan C. Busch
Assistant Executive Director
for Administration

December 2, 2003

## THIRD YEAR PRACTICE CERTIFICATE

THIS IS TO CERTIFY THAT GREGORY LANGADINOS IS DULY AUTHORIZED TO UNDERTAKE AND PERFORM ALL ACTS PERMITTED TO THIRD YEAR LAW STUDENTS BY APPLICABLE SUPREME COURT RULES. SPECIFICALLY, MR. LANGADINOS HAS COMPLETED FOUR SEMESTERS OF LEGAL STUDIES, INCLUDING COURSES IN CRIMINAL LAW, PROFESSIONAL ETHICS, EVIDENCE AND PROCEDURE, AS REQUIRED BY PARAGRAPH 15, PART 6, SECTION IV, OF THE RULES OF THE SUPREME COURT OF VIRGINIA.

SINCERELY,

THOMAS A. EDMONDS
EXECUTIVE DIRECTOR AND
CHIEF OPERATING OFFICER

23

# EXHIBIT "19"

January 24, 2021

Gregory Langadinos, J.D., M.P.A.
16150 Sand Canyon Avenue
Unit 327
Irvine, CA 92618
(617) 650-2693
glangadinos@yahoo.com

Attorney Brian T. Moran'
United States Attorney's Office
700 Stewart Street
Suite 5220
Seattle, WA 98101-4438
Brian.moran@usdoj.gov

Rebecca Shapiro Cohen
U.S. Attorney's Office
700 Stewart Street
Suite 5220
Seattle, WA 98101-4438
rebecca.cohen@usdoj.gov

RE: FORMAL REQUEST FOR INVESTIGATION OF THE WASHINGTON
STATE BAR, WASHINGTON STATE BAR BOARD OF GOVERNORS
FOR VIOLATION OF TITLE II OF THE ADA, DENIAL OF REASONABLE
ACCOMODATIONS; Title II of the Americans with Disabilities Act, 42 USC
section 12149, and sections 12164, 28 C.F.R. Part 35 (1991); 504 of the
Rehabilitation Act of 1973, 29 U.S.C. section 793, 75 Federal Register 43460,
81 Federal Register 28658; Washington State "tampering" statute in violation
of RCW 9A 72.120.

Dear U.S. Attorneys Moran and Shapiro Cohen,

I have been unlawfully cheated out the Diploma Privilege, and was unable to submit

my timely application from March 3 through March 6, 2020, on account of the

malfunctioning WASB web site, which WASB Employee Robert Henry admitted to me

over the phone on Friday July 26, 2020 around 2: 00 pm when he called me that he is

aware of other applicants who also couldn't access the web site.

Despite former WASB Attorney McElroy's email below I direct you to scroll down

and read dated July 2, 2020 whereby she originally offered to resolve this matter and

invited me in good faith to submit my proof to her that I applied in early March, as she stated in the 3rd paragraph

**"I want to be sure that we've given you a full chance to present all of the information that supports your position that you tried to apply for the July Bar exam in Washington and were not able to do so because of a problem with our computer application system, so we can give your position full consideration."**

But once I emailed Robert Henry and cc'd Attorney McElroy asking Henry to provide a written sworn statement confirming he has personal knowledge that other applicants were also unable to access the WASB WEB SITE, suddenly the Junior Associate Attorney Lisa Amatangel emailed me to block and obstruct me, from obtaining a resolution, under the false pretense that she is Attorney McElroy's supervisor, which is not.  Mr. Henry himself admitted to me by telephone on June 26, 2020 that he has personal knowledge that the WASB web site malfunctioned and prevented me from applying to the WA State Bar, and he knew of others that experienced computer malfunctions.  Ms. McElroy stated that Robert Henry would never say this or admit that he knew of others that were unable to access the WA State Bar's web site.

**These actions constitute obstruction of evidence and an attempt to induce a witness to testify falsely or refrain from testifying which constitutes violations of the Washington State "tampering" statute in violation of RCW 9A 72.120** and these actions were aimed to prevent me from establishing that Mr. Henry himself has and had personal knowledge that the WASB web site malfunctioned and prevented me from applying to the WA State Bar.

This is not how to treat a disabled person, and these actions violate Title II of the ADA, and 504 and 508 of the Rehabilitation Act of 1973, and Washington State disabilities laws. The actions of Amatangel, McElroy, and Shankland, have so far cost me almost $ 4,000.

I am no longer represented by counsel because the WASB rejected my former Attorney's good faith offers to mediate this matter as the WASB Bylaws offer such a process. See page 1-2 of Bylaws.

I formally seek all of the following requested reasonable accommodation, and modifications to WASB deadlines for not being able to access the WASB web site and apply and register the first week of March 2020;

1. To be allowed to reapply to the WASB using an alternative format application, to be immediately provided with an alternative application to complete such as in the form of a WORD document as a reasonable accommodation and/or modification in policies, pursuant to: Title II of the Americans with Disabilities Act, 42 USC section 12149, and sections 12164, 28 C.F.R. Part 35 (1991); 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 793, 75 Federal Register 43460, 81 Federal Register 28658.

2. To be allowed to mail in the $ 585.00 application fee by check to process the September 2020 Bar application: and

3. Request that the WSBA contact the Missouri Board of Law Examiners to obtain my recent February 2019 complete Bar application record and papers submitted which include all Law School Official transcripts, Dean's Certificates, and other documents submitted by Mr. Langadinos to the Missouri Bar, including letters of recommendation, and other required admission documents to submit to the WSBA as an abundance of

caution due to ongoing Covid19, closures, and business interruption to expediate completion of the September 2020 WASB bar application by Mr. Langadinos of all necessary paperwork and responses to WSBA application questions and to narrow down the remaining outstanding documents that Mr. Langadinos needs to submit to the WSBA.

4. To be granted the Diploma Privilege, that I should have been able to apply for without the computer malfunctions, that I experienced from early March through April, and none of my requests for previous reasonable accommodations were ever acted on that were faxed and confirmed as received on March 27, 2020.

Please advise how I should proceed considering that the WASB has completed neglected to follow the ADA, and all of the procedures within the Access to Justice Brochure that the WASB itself advocates for through the Access Group.

See also WSBA's own publication "Ensuring Equal Access for People with Disabilities - A Guide for Washington Administrative Proceedings -- May 2011.

See also WSBA Bylaw XVII., Emergency Amendment; Presidential Authority During Covid-19 Emergency, (Expires April 24, 2020) granting the WSBA President discretion to "reasonably modify, extend, or make exceptions to the dates, deadlines, or communications procedures in the current Admissions Policies, and exam administration guidelines and policies. Volume 1, pg. 32.

None of my requested reasonable accommodations and modifications to WASB policies and procedures, and requests to be granted the Diploma Privilege ceremony fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or result in an undue burden or cause the WASB to incur

costs. See 42 U.S.C.S. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(a).

I await your reply. Please call me at (617) 650-2693.

**Sincerely yours**

Gregory Langadinos
16150 Sand Canyon Avenue
Unit 327
Irvine, CA 92618

# EXHIBIT "20"



**U.S. Department of Justice**

United States Attorney
Western District of Washington

---

700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271

Tel: (206) 553-7970
Fax: (206) 553-4073
www.usdoj.gov/usao/waw

March 5, 2021

**SENT VIA FIRST CLASS MAIL**
Gregory Langadinos
16150 Sand Canyon Avenue, Unit 327
Irvine, CA 92618

Re:     Your Complaint Against the Washington State Bar Association

Dear Mr. Langadinos:

Thank you for your email correspondence from January 24, 2021 and March 1, 2021 regarding the Washington State Bar Association. We appreciate the information you provided to the U.S. Attorney's Office Civil Rights Program. However, after reviewing the materials you provided, we have concluded that we do not have jurisdiction over your claim and, therefore, will not be able to pursue this matter any further. Please see the note below regarding the effect of filing a complaint with our office and your continuing legal rights and responsibilities.

You may wish to talk to an attorney to explore if you have any other legal rights. If you need assistance finding or affording an attorney, you may want to contact the King County Bar Association online at www.kcba.org, or by phone at (206) 267-7100.

Even when we are not able to open an investigation, it is still helpful for us to know about concerns in the community, so thank you again for contacting us.

Sincerely,

TESSA M. GORMAN
Acting United States Attorney

*s/ Christina Fogg*

CHRISTINA FOGG
Assistant United States Attorney

# EXHIBIT "21"



**U.S. Department of Justice**

United States Attorney
Western District of Washington

---

700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271

Tel: (206) 553-7970
Fax: (206) 553-4073
www.usdoj.gov/usao/waw

March 16, 2021

**SENT VIA U.S. FIRST CLASS MAIL**
Gregory Langadinos
16150 Sand Canyon Avenue, Unit 327
Irvine, CA 92618

Re:     Your complaint regarding WSBA

Dear Mr. Langadinos,

   This letter is in response to your telephone calls to our office on March 12 and March 15, 2021 regarding your complaint against the Washington State Bar Association. As stated in our previous correspondence dated March 5, 2021, we are not opening an investigation into your claims at this time. Accordingly, and in light of our limited resources, should you contact us again about this matter, we will not provide any further response unless new information is provided that warrants a change in position. Please see the note below regarding the effect of filing a complaint with our office and your continuing legal rights and responsibilities.

   You may wish to talk to an attorney to explore if you have any other legal rights. If you need assistance finding or affording an attorney, the Washington State Bar Association maintains a list of legal resources that can be accessed online at https://wsba.org/for-the-public/find-legal-help. We understand that you expressed an interest in reporting your complaint directly to the Civil Rights Division of the Department of Justice. The information on how to start a report there can be found online at https://civilrights.justice.gov/.

Sincerely,

TESSA M. GORMAN
Acting United States Attorney

*s/ Christina Fogg*

CHRISTINA FOGG
Assistant United States Attorney

# EXHIBIT "22"

August 16, 2021

**Additional Comments:** FORMAL COMPLAINT PURSUANT TO Chapter 49.60 RCW WASHINGTON HUMAN RIGHTS COMMISSION CIVIL RIGHTS COMPLAINT AGAINST THE WASHINGTON STATE BAR, WRONGFUL DENIAL OF DIPLOMA PRIVILEGE, BASED ON INACCESSIBLE WASB WEB SITE, DENIAL OF REASONABLE MODIFICATIONS IN POLICIES

Request to Modify Additional Comments section of this Complaint as needed

Gregory Langadinos, J.D., M.P.A.
16150 Sand Canyon Avenue
Unit 327
Irvine, CA 92618
(617) 650-2693
glangadinos@yahoo.com

Jeff Sbaih
Commissioner/Attorney
Washington State Human Rights Commission
711 South Capital Way
Suite 402
P.O. Box 42490
Olympia, WA 98504-2490

Jeremy Page
Civil Rights Investigator
Washington State Human Rights Commission
711 South Capital Way
Suite 402
P.O. Box 42490
Olympia, WA 98504-2490

RE: FORMAL REQUEST FOR INVESTIGATION OF THE WASHINGTON STATE BAR, WASHINGTON STATE BAR BOARD OF GOVERNORS FOR VIOLATION of Chapter 49.60 RCW is a state law that prohibits discriminatory practices in the areas of employment, places of public resort, accommodation, DENIAL OF REASONABLE ACCOMODATIONS;

Dear Attorneys, Sbaih, and Page,

I am a Whistleblower and a Grievant that has been subjected to discrimination based on my disability pursuant to Chapter 49.60 RCW the state law that prohibits discriminatory practices in the areas of places of public accommodation, or amusement by a person with a disability; and also I have been the victim of retaliation as a persons who opposed a discriminatory practice, against the Washington State Bar.

1

6

I have been unlawfully cheated out the Diploma Privilege, and was unable to submit my timely application from March 3 through March 6, 2020, on account of my disabilities which WASB Employee Robert Henry admitted to me over the phone on Friday July 26, 2020 around 2: 00 pm when he called me that he is aware of other applicants who also couldn't access the web site.

Former WASB official, and now resigned Attorney McElroy's originally offered to resolve this matter and invited me in good faith to submit my proof to her that I applied in early March, 2020 as she stated in the 3rd paragraph

"I want to be sure that we've given you a full chance to present all of the information that supports your position that you tried to apply for the July Bar exam in Washington and were not able to do so because of a problem with our computer application system, so we can give your position full consideration."

But once I emailed Robert Henry and cc'd Attorney McElroy asking Henry to provide a written sworn statement confirming he has personal knowledge that other applicants were also unable to access the WASB WEB SITE, suddenly the Junior Associate Attorney Lisa Amatangel emailed me to block and obstruct me, from obtaining a resolution, under the false pretense that she is Attorney McElroy's supervisor, which is not.  Mr. Henry himself admitted to me by telephone on June 26, 2020 that he has personal knowledge that the WASB web site malfunctioned and prevented me from applying to the WA State Bar, and he knew of others that experienced computer malfunctions.  Ms. McElroy stated that Robert Henry would never say this or admit that he knew of others that were unable to access the WA State Bar's web site. These actions constitute obstruction of evidence and an attempt to induce a witness to testify falsely or refrain from testifying which constitutes violations of the Washington State "tampering" statute in violation of RCW 9A 72.120 and these actions were aimed to prevent me from establishing that Mr. Henry himself has and had personal knowledge that the WASB web site malfunctioned and prevented me from applying to the WA State Bar.

This is not how to treat a disabled person, and these actions violate Title II of the ADA, and 504 and 508 of the Rehabilitation Act of 1973, and Washington State disabilities laws.  The actions of Amatangel, McElroy, and Shankland, have so far cost me $ 4,000[1].

---

[1] Other Federal and State laws have been violated by the Respondent Washington State Bar including Title II of the Americans with Disabilities Act, 42 USC section 12149, and sections 12164, 28 C.F.R. Part 35 (1991); 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 793, 75 Federal Register 43460, 81 Federal Register 28658; Washington State "tampering" statute in violation of RCW 9A 72.120.  I formally request that any two agencies that have what is called a "work-sharing agreement," and cooperate with each other process claim against the Washington State Bar for violations of Federal rights in addition to Washington State Human Rights violation. I formally request to "cross-file" the claim with any other agency.

I am no longer represented by counsel because the WASB rejected my former Attorney's good faith offers to mediate this matter as the WASB Bylaws offer such a process.

I formally seek all of the following requested reasonable accommodation, and modifications to WASB deadlines for not being able to access the WASB web site and apply and register the first week of March 2020.

**In an email from Washington Supreme Court Clerk of Court Susan Carlson, she erroneously and incorrectly wrote that;**

"YOU SOUGHT ASSISTANCE FROM THE CHIEF JUSTICE AND SHE RESPONDED YO YOUR REQUEST BY EMAIL ON JUNE 25, 2020."

**First of all, I never sought any assistance from the Chief Justice Deborah Stephens, nor did I ever receive any assistance.** Chief Judge Stephens on her own privately—not from the bench during any adjudicatory administrative proceeding

Nobody, from the Washington State Bar Association ever told the Chief Justice that I, was unable to access the web site because of my urological urgency to urinate condition, as well as my exophthalmos and visual problems for which I am entitled to relief from this Agency because the website of the WASB was not accessible to me as a visually impaired consumer and applicant. See **Juan Carlos GIL, v. WINN-DIXIE STORES, INC.,** 257 F.Supp. 3d. 1340 (2017).

These actions of the WASB Attorneys, who lied about who the true and genuine ADA Coordinator was, by lying and stating that the ADA Coordinator is a young new graduate and young member of the Bar, that is unaware of my rights OR THE REQUIREMENTS of the WASB under Title II of the ADA and of course **Chapter 49.60 RCW** WASHINGTON HUMAN RIGHTS COMMISSION.

I seek all the following relief from the WASB;

1. To be granted the DIPLOMA PRIVILEGE upon reapplying to the WASB using an alternative format application, to be immediately provided with an alternative application to complete such as in the form of a WORD document as a reasonable accommodation and/or modification in policies, pursuant to: Title II of the Americans with Disabilities Act, 42 USC section 12149, and sections 12164, 28 C.F.R. Part 35 (1991); 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 793, 75 Federal Register 43460, 81 Federal Register 28658.

2. To be granted the Diploma Privilege, that I should have been able to apply for without the computer malfunctions, that I experienced from early March through April, and none of my requests for previous reasonable accommodations were ever acted on that were faxed and confirmed as received on March 27, 2020.

3.   To be granted the Diploma Privilege "nun—pro—tunc" as I should have been "but for" the inaccessible WASB web site, a defect that was acknowledged by WASB officials.

See also WSBA's own publication "Ensuring Equal Access for People with Disabilities - A Guide for Washington Administrative Proceedings -- May 2011. See also WSBA Bylaw XVII., Emergency Amendment; Presidential Authority During Covid-19 Emergency, (Expires April 24, 2020) granting the WSBA President discretion to "reasonably modify, extend, or make exceptions to the dates, deadlines, or communications procedures in the current Admissions Policies, and exam administration guidelines and policies. Volume 1, pg. 32.

I await your reply.  Please confirm receipt of this email

Please call me at (617) 650-2693.

Sincerely yours

Gregory Langadinos

Dated  August 16, 2021

# EXHIBIT "23"

January 11, 2023

Jeremiah P. Tao, MD
Oculofacial Plastic and Orbital Surgery
850 Health Sciences Road
Irvine, CA 92697
Tel # (949) 824-2020

c/o Daisy Hernandez
daisyha@hs.uci.edu

To whom it may concern,

Gregory Langadinos, suffers from thyroid eye disease (TED). He has bulging eyes, eye irritation, watering, and blurred vision. Mr. Langadinos TED condition makes him unable to stare at a computer screen for an extended period.

Mr. Langadinos is visually impaired and needs reasonable accommodations and modifications in policies of procedures for online exams or assessments. I understand he is unable to use screen reader software to produce an auditory version of what sighted individuals see in their browser.

Sincerely,

Jeremiah P. Tao, MD

1

26

Langadinos, Gregory (MRN: 3331974) DOB: 05/07/1970

Encounter Date: 11/14/2022

# Gregory Langadinos

Description: 52 year old male  Provider: Jeremiah P Tao, MD  Department: UCI GHEI IRVINE
CSN: 66126421322

11/14/2022 2:50 PM   Office Visit
MRN: 3331974

### Referring Provider

Todd Driver, MD

### 🔎 Reason for Visit

Proptosis
Reason for Visit History

## HPI

### Proptosis
In both eyes. This started years ago. Severity is severe. Occurring constantly. Associated symptoms include blurred vision, foreign body sens., headaches and eye pain. Treatments tried include no treatments. Did the MD Complete this HPI form? Yes..

### Comments
New patient was referred by Dr Driver for exophthalmos. Pt states has elevated T3. Also has urinary issue.
Right eyeball slips forward. Eyes are very dry and irritated. Vision blurs out esp when on a computer. Pt bothered by appearance and states has lost jobs over right eye prolapse.
Last edited by Tao, Jeremiah P, MD on 11/14/2022  4:55 PM.

## Interdisciplinary Notes

No notes of this type exist for this encounter.

## Progress Notes

Tao, Jeremiah P, MD at 11/14/2022  2:50 PM
Author Type: Attending Physician   Status: Signed

| | | ICD-10-CM | ICD-9-CM |
|---|---|---|---|
| 1. | Thyroid eye disease | H57.89 E07.9 | 376.89 246.9 |

1. **Thyroid eye disease**
Suspect type 1 TED Onset: Dec 2017

Vision: no optic neuropathy
Inflammation: mild
Strabismus: no
Appearance: Marked R>L proptosis with right eye prolapse, moderate eyelid retraction, dry eye and corneal exposure

Imaging: Had imaging approximately 1 year ago
Smoking history:  none

Langadinos Gregory MRN 3331974 DOB: 05/07/1970

Encounter Date: 11/14/2022

Clinical Activity Score = 2-3

The patient was educated on thyroid associated ophthalmopathy. We explained that the thyroid tests (e.g. TSH, T4) often do not correlate with orbital disease, an overlapping auto-immune condition. Smoking exacerbates the disease and we counseled on avoiding smoke exposure and not smoking, if applicable. Optic neuropathy, inflammation, strabismus (double vision), exophthalmos, eyelid malposition, and eye exposure (dry eyes) may be manifestations. The medical therapies are usually only temporizing and include corticosteroids, selenium, other immunomodulation, or teprotumumab. The surgical treatments include orbit decompression, strabismus surgery, and eyelid surgery (in this general order, although lower eyelid retraction is commonly performed as the same setting as decompression owing to the orbitotomy wound allowing access to lower eyelid retractors).

Plan:
Start oral selenium (OTC supplements 100 mcg bid) and follow expectantly. Also recommend warm compresses and artificial tears as well as breaks for eyes when on computer

Monitor for stability and activity. We educated the patient on signs and symptoms of acute optic neuropathy for which immediate return is advised.

He may benefit from orbit decompression, extranasal ethmoidectomy (for medial wall decompression), and lower eyelid retraction repair due to symptomatic proptosis and exposure, but will monitor for stability for now.

RTC 6-8 weeks

## Procedure Notes
No notes of this type exist for this encounter.

## History & Physical
No notes of this type exist for this encounter.

## Home Medication Review
Home Medication Review

## Prescriptions Ordered This Encounter

| | Disp | Refills | Start | End |
|---|---|---|---|---|
| Selenium 100 MCG CAPS | 60 capsule | 11 | 11/14/2022 | 12/14/2022 |
| Sig: Take 1 tablet by mouth 2 times daily for 30 days. | | | | |
| Class: ePrescribe | | | | |
| Route: Oral | | | | |
| neomycin-polymyxin-dexamethasone (MAXITROL) 3.5-10000-0.1 ointment (Discontinued) | 1 each | 0 | 11/14/2022 | 11/15/2022 |
| Sig: Place 1 strip into right eye 2 times daily. Apply to wounds/stitches if had recent surgery. Otherwise apply directly to inflamed area. | | | | |
| Class: ePrescribe | | | | |
| Notes to Pharmacy: OK to replace with Tobradex ung or Blephamide ung; generics OK | | | | |
| Route: Right Eye | | | | |

Langadinos, Gregory (MRN 3331974) DOB: 03/07/1970                     Encounter Date: 11/14/2022

|  | Disp | Refills | Start | End |
|---|---|---|---|---|

Reason for Discontinue: Dose/Route/Form Change

## Ordered Facility-Administered Medications
None

## Visit Pharmacy
CVS/PHARMACY #10998 - NORCO, CA - 2400 RIVER ROAD

## Allergies as of 11/14/2022                    Verified by Tao, Jeremiah P, MD on 11/14/2022
No Known Allergies

## ✍ Problem List                    Reviewed: 11/14/2022 by Tao, Jeremiah P, MD
as of 11/14/2022

None

## History
Last reviewed in this visit by Tao, Jeremiah P, MD on 11/14/2022 at 4:53 PM
Sections Reviewed
Medical, Family, Surgical

## Base Eye Exam

### Visual Acuity (Snellen - Linear)

| | Right | Left |
|---|---|---|
| Dist sc | 20/30-2 | 20/60 |
| Dist cc | FORGOT RX | FORGOT RX |
| Dist ph sc | | 20/25 |

#### Pupils

| | Pupils |
|---|---|
| Right | PERRL, No APD |
| Left | PERRL, No APD |

### Tonometry (Tonopen, 3:38 PM)

| | Right | Left |
|---|---|---|
| Pressure | def | 19 |

#### Extraocular Movement

| | Right | Left |
|---|---|---|
| | Full | Full |

#### Neuro/Psych
Oriented x3: Yes

Edited by: Ramirez, Nancy; Tao, Jeremiah P, MD

## Slit Lamp and Fundus Exam

### External Exam

| | Right | Left |
|---|---|---|
| External | proptosis | proptosis |

### Exophthalmometry (Base: 101 mm)

| | Right | Left |
|---|---|---|
| | 28 mm | 26 mm |

### Slit Lamp Exam

| | Right | Left |
|---|---|---|
| Lids/Lashes | eyelid retraction, lateral erythematous lesion | Normal for Age |
| Conjunctiva/Sclera | injection | |
| Cornea | PEE | White and quiet |
| Anterior Chamber | Deep and quiet | PEE |
| | | Deep and quiet |

Langadinos, Gregory (MRN 3331974) DOB: 05/07/1970                    Encounter Date: 11/14/2022

|  | Right | Left |
|---|---|---|
| Iris | Round, no rubeosis | Round, no rubeosis |
| Lens | Clear | Clear |
| Anterior Vitreous | Clear | Clear |

Edited by: Tao, Jeremiah P, MD

## Recent Best Visual Acuity

| Date | Right Best SC | Right Best CC | Left Best SC | Left Best CC |
|---|---|---|---|---|
| 11/14/2022 | 20/30-2 (sc) | FORGOT RX (cc) | 20/25 (ph) | FORGOT RX (cc) |

## Diagnoses

| | Codes | Comments |
|---|---|---|
| Thyroid eye disease  - Primary | ICD-10-CM: H57.89, E07.9<br>ICD-9-CM: 376.89, 246.9 | |

## All Flowsheet Templates (all recorded)

Pain
Review of Systems

## Patient Instructions

None

## Level of Service

Level of Service
PB OFFICE/OUTPT VISIT,NEW,LEVL IV [99204]

## All Charges for This Encounter

| Code | Description | Service Date | Service Provider | Modifiers | Qty |
|---|---|---|---|---|---|
| 00002958 | HB OFFICE OUTPATIENT ESTABLISHED PATIENT LEVEL III | 11/14/2022 | Ramirez, Nancy | | 1 |
| | Billing Provider: Tao, Jeremiah P, MD | | | | |
| 99204 | PB OFFICE/OUTPT VISIT,NEW,LEVL IV | 11/14/2022 | Tao, Jeremiah P, MD | | 1 |
| | Billing Provider: Tao, Jeremiah P, MD | | | | |

## Communication Routing History

| Recipient | Method | Sent by | Date Sent |
|---|---|---|---|
| Todd Driver, MD | Fax | Tao, Jeremiah P, MD | 11/14/2022 |

## Letters

| | Status |
|---|---|
| Tao, Jeremiah P on 11/14/2022 | Sent |

## Questionnaires

No completed forms available for this encounter.

## Encounter Status

Signed by Tao, Jeremiah P, MD on 11/14/22 at 16:55

# Scan List

Encounter Date: 11/14/2022

## 🗋 Encounter-Level Documents on 11/14/2022:

Scan on 11/15/2022  4:26 PM: PATIENT HISTORY QUESTIONNAIRE
Scan on 11/15/2022  4:26 PM: ZEISS EYE
Scan on 11/14/2022  3:16 PM by Morales, Meghann

## 🗋 Order-Level Documents:

There are no order-level documents.

## 🗋 Patient-Level Documents:

There are no patient-level documents.

## ℓ Clinical Summaries

Cedars-Sinai Health System
Hoag Clinic
Loma Linda University Health and CareConnect Partners
Providence Health and Services Oregon and California

Langadinos, Gregory (MRN 3331974) DOB: 05/07/1970

Encounter Date: 11/14/2022

# Langadinos, Gregory

MRN: 3331974

**Office Visit** 11/14/2022
UCI GHEI IRVINE

Provider: Tao, Jeremiah P, MD (Ophthalmology)
Primary diagnosis: Thyroid eye disease
Reason for Visit: Proptosis; Referred by Driver, Todd, MD

## Progress Notes

Tao, Jeremiah P, MD (Attending Physician) · Ophthalmology

1. Thyroid eye disease

| | ICD-10-CM | ICD-9-CM |
|---|---|---|
| | H57.89 | 376.89 |
| | E07.9 | 246.9 |

**1. Thyroid eye disease**
Suspect type 1 TED Onset: Dec 2017

Vision: no optic neuropathy
Inflammation: mild
Strabismus: no
Appearance: Marked R>L proptosis with right eye prolapse, moderate eyelid retraction, dry eye and corneal exposure

Imaging: Had imaging approximately 1 year ago
Smoking history: none

Clinical Activity Score = 2-3

The patient was educated on thyroid associated ophthalmopathy. We explained that the thyroid tests (e.g. TSH, T4) often do not correlate with orbital disease, an overlapping auto-immune condition. Smoking exacerbates the disease and we counseled on avoiding smoke exposure and not smoking, if applicable. Optic neuropathy, inflammation, strabismus (double vision), exophthalmos, eyelid malposition, and eye exposure (dry eyes) may be manifestations. The medical therapies are usually only temporizing and include corticosteroids, selenium, other immunomodulation, or teprotumumab. The surgical treatments include orbit decompression, strabismus surgery, and eyelid surgery (in this general order, although lower eyelid retraction is commonly performed as the same setting as decompression owing to the orbitotomy wound allowing access to lower eyelid retractors)

Plan:
Start oral selenium (OTC supplements 100 mcg bid) and follow expectantly. Also recommend warm compresses and artificial tears as well as breaks for eyes when on computer

Monitor for stability and activity. We educated the patient on signs and symptoms of acute optic neuropathy for which immediate return is advised.

He may benefit from orbit decompression, extranasal ethmoidectomy (for medial wall decompression), and lower eyelid retraction repair due to symptomatic proptosis and exposure, but will monitor for stability for now.

RTC 6-8 weeks

Printed by [TAGUTIE1] at 11/22/2022 3:17 PM

| 15 | Aragon, Langainos | | 8 5 | | |

**DATE:** 8/5/21   **LEE:** 11/08/2018   **CC:** Med Exam + MRx (875)

**HPI:**

pt's pharmacy.
NC on 6745 Quail Hill Parkway
Irvine, CA 92630
(949) 823 8915

pt has problem c eyes
and urinary problems
that may be connected?
pt's eyes bulge out when
BUL roll back
usually when pt gets
anxiety from an urgency
to urinate.
pt is unable to
stare @ comp.
screens for a long
period of time

**Meds (ocular and systemic):**
Lisinopril
Chlorothiazide
growth hormone
gtts, no dryness orientation

**Test(s) ordered:** _____ OD/OS/OU
**Indication:** _____
**Allergies:** NKDA

**VA:** sc   20/25-2   **Pinhole:** 20/40
20/50-1 "worse"

**Wearing:**

**Past Medical, Ocular, Social, Family History**
**PMH:** Irregular Thyroid
urinary problems

**MRx:**
dx   -025+075x160  20/20-2
-175+050x085  20/20-2  Add +2.00 J1+

**POH:** Exophthalmos
& surgery & c/r

**Pupils:**   **Mobility:**
PERRLA/D   Full   pt would like
a gls Rx today

**FSH:** single
⊖ tobacco ⊖ ETOH

**PFH:** denies

**Amsler:**   **Visual Fields:** FTFC

**TA/TP:** 13/12   **Time:** 870 / 930   **Drops:** TT1.

**ASSESSMENT/PLAN:**
Hertel 30
IOG < 27



SLIT LAMP EXAM: OD / OS
EXT, PUPILS, LIDS &, LACRIMAL, ORBIT
9 min lag   Hypertropia
SLE, CONJ, CORNEA, SENS, A.C., IRIS, LENS, VITREOUS, TEARS/B.U.T.
HNS
GONIO - GRADE PIGMENT
Fundus Exam
FUNDUS, CNH, VESSELS, MACULA, PERIPHERY, OO
0.3 OU

# exophthalmos
↳ hertels with OD > OS proptosis
→ HVF < scattered
→ OCT < 77/76
→ icters suspicious for TED
will refer to DR. A

# HNS Cat

# anxiety - pt will f/u w/ PCP

RTC 1yr HVF OCT/WF

# EXHIBIT "24"

Matthew A. Pauley
Professor of Political Science and Legal Studies
Manhattanville College
2900 Purchase Street
Purchase, NY 10577

August 19, 2020

Ms. Lisa Amatangel
Associate Director of Litigation and Internal Operations, Washington State Bar

Dear Ms. Amatangel:

I am writing to recommend Gregory Langadinos for admission to the bar.

I have known Greg very well for 24 years.   He was a student from 1996 to 1997 in my first-year Property course at Southern New England School of Law, where I served as Assistant Professor of Law after completing my J.D. *cum laude* from Harvard Law School and my Ph.D. in Government, also from Harvard.   I remember Greg as one of the most diligent, conscientious, and hard-working students in the class.  On more than one occasion, I discovered him in the basement of the school library, late on a Friday afternoon or night, studying very hard, long after most of the other students had gone home.  I recall also that Greg participated very actively in our class discussions throughout the year. He also did a very good job as a counselor in our mock trial exercise, asking perceptive questions of witnesses on direct and cross-examination.

In the years since 1997, I have kept in touch with Greg, and he has kept in touch with me.   Hardly a year has passed in which we have not exchanged emails or texts or chatted extensively over the phone.   In all that time, I have come to form a very high opinion of Greg's character and potential for the practice of law.   Above all, I would note his extraordinary tenacity in overcoming obstacles. .  Born to Greek parents who did not speak any English and unable to communicate effectively in English until well into his grammar school years, Greg now speaks flawlessly and argues eloquently, without a trace of accent or impediment.   He has also had to overcome the trauma of witnessing a murderous shooting at the Appalachian School of Law while he was a student there, as well as learning disabilities and, more recently, an unpleasant urologic condition.   Greg worked his way through both undergraduate and law school, working three jobs at a time to support himself.   He also obtained a master's degree from Suffolk University as well as valuable experience in legal consulting and mediation and as a litigation paralegal.

I have had hundreds of students over the last thirty-five years, including some of the best undergraduates at Harvard College.   Greg was one of the most conscientious students I have ever had.   He is honest, sincere, very intelligent, and well-motivated with a determination to succeed that is extremely rare.   He told me years ago of his interest in the Washington Bar, and I know he will work "zealously within the bounds of the law" for his clients and that he will be a credit to the legal profession.

I recommend Gregory Langadinos with the highest enthusiasm.

Sincerely,

Matthew A. Pauley