1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY LANGADINOS, | CASE NO. 2:23-cv-250 |
| Plaintiff, | ORDER |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION, WASHINGTON STATE BAR ASSOCIATION BOARD OF GOVERNORS, LISA AMATANGEL, JULIE SHANKLAND, WASHINGTON STATE SUPREME COURT, | |
| Defendants. | |

16
17
18
19
20
21
22
23

On April 30, 2024, Plaintiff Gregory Langadinos moved to amend his complaint, and the Clerk properly noted the motion for consideration on May 21, 2024. Dkt. No. 47. Defendants Washington State Bar Association (WSBA) and Washington State Supreme Court responded on May 13, 2024, and May 15, 2024, respectively. Dkt. Nos. 50, 53. Langadinos failed to reply by May 21, 2024. Instead, a week later on May 27, 2024, he moved for "an extension of time." Dkt. No. 56. The WSBA and State Supreme Court objected. Dkt. No. 57. Then, on May 29,

**ORDER** - 1

Langadinos filed a "preliminary" reply in support of his motion to amend. Dkt. No. 59.

Although Langadinos proceeds pro se, he must follow the Local Civil Rules of this Court. *United States v. $15,333.00 in U.S. Currency*, 988 F. Supp. 2d 1229, 1234 (D. Or. 2013) (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir.1986)) ("[*Pro se* litigants] have a duty to comply with the applicable rules of civil procedure and court orders."). A reply in response to a motion to amend must be "filed and received by the opposing party no later than 21 days after the filing date of the motion." LCR 7(d)(3). Langadinos failed to file his reply or move for an extension of time before May 21, 2024, as required by LCR 7(d)(3).

Langadinos appears to misunderstand the Local Civil Rules, stating he "believes his [r]eply is due Tuesday May 28, 2024." Dkt. No. 56 at 2. Langadinos argues that he needed an extension until May 31, 2024, because he "must fly to Boston, Massachusetts this Tuesday May 28, 2024, due to [his] [m]other's admission into [the] Intensive Care unit of Massachusetts General Hospital." Dkt. No. 56 at 2.

Defendants jointly oppose an extension. They argue that Langadinos fails to show good cause and excusable neglect under Rule 6(b)(2) because misunderstanding a rule is not an excuse. Dkt. No. 57 at 4-5. Defendants further argue extending the deadline will delay resolution of the case to their detriment, and that Langadinos demonstrates continued disregard of Court rules. *Id.* at 6 (citing *Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317, 1323 (W.D. Wash. 2011)).

This case is distinguishable from *Phillips*. In that case the pro se plaintiff failed to respond to a motion to dismiss even though the court "set a date certain for

ORDER - 2

his opposition" and warned him no further extensions would be granted. *Phillips*, 817 F. Supp. 2d at 1322-23. And there, the pro se plaintiff's excuse did not justify the delay. *See id.* at 1323 ("[A] lightning strike might serve as an excuse for one day's delay, but not three. . . . [and] he simply wanted more time to complete his memoranda."). Here, the length of delay is justified by Langadinos's mother's hospital admission, and the Court has not yet warned that no further extensions will be granted.

Accordingly, the Court GRANTS the requested extension and accepts Langadinos's reply filed May 30, 2024, Dkt. No. 59. Because Langadinos labeled his reply "preliminary," the Court finds it necessary to clarify that it will not accept any additional replies filed by Langadinos with regard to his motion to amend. The Court also cautions Langdinos to abide by the Federal and Local Rules of Civil Procedure, including all court deadlines, to avoid the Court striking his responses as untimely in the future.

Langadinos also claims that he "incorporates [in his reply] a Motion to Strike, pursuant to Fed. R. Civ. P. 12(f), numerous scandalous and erroneous arguments, points, and legal authorities that [D]efendant WSBA filed in bad faith." Dkt. No. 59 at 1. Other than conclusory statements describing Defendants' case cites as "erroneous" and "inapplicable," Langadinos does not identify the portions of Defendant's briefings that he seeks to strike. *See generally id.* Accordingly, the Court DENIES Langadinos's motion to strike.

**ORDER** - 3

Dated this 30th day of May, 2024.

*Jamal W.*

Jamal N. Whitehead
United States District Judge

**ORDER** - 4