UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY LANGADINOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON STATE BAR ASSOCIATION, WASHINGTON STATE BAR ASSOCIATION BOARD OF GOVERNORS, LISA AMATANGEL, Associate Director; Litigation and Internal Operations, JULIE SHANKLAND, Coordinator; ADA/504 WSBA, WASHINGTON STATE SUPREME COURT,<br><br>　　　　　Defendants. | CASE NO. 2:23-cv-250<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO POSTPONE JOINT STATUS REPORT |

On March 26, 2025, the Court denied Plaintiff Gregory Langadinos's motion to file an amended complaint and ordered the parties to file a joint status report and discovery plan within 14 days. Dkt. No. 62 at 14. On April 9, 2025, Langadinos filed a motion for reconsideration as well as a motion to extend the deadline for filing a joint status report. Dkt. Nos. 64, 65. The Court DENIES Langadinos's motion for

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO POSTPONE JOINT STATUS REPORT - 1

reconsideration and GRANTS IN PART his motion to postpone, resetting the deadline for filing a joint status report to 14 days from the date of this order.

"Motions for reconsideration are disfavored." LCR 7(h)(1). The Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters. Inc.*, 229 F.3d at 883).

Langadinos raises three main arguments, none of which meet the high standard to justify reconsideration. First, Langadinos concedes that even though the Court instructed him to amend only certain claims, his proposed amended complaint repleaded claims that the Court dismissed with prejudice and added new causes of action. Langadinos argues that he failed to follow the Court's instructions because he "was severely affected" by "eight different medical ailments and conditions" that he experienced leading up to the deadline to seek amendment. Dkt. No. 64 at 3–5 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (1990)) (noting courts consider whether the "amended complaint would have greatly

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO POSTPONE JOINT STATUS REPORT - 2

altered the nature of the litigation" even though "this factor is not fatal to amendment[.]").

Langadinos's argument assumes the Court denied his motion to amend merely for his failure to follow instructions, but this is not the case. Instead, the Court combed through each of Langadinos's proposed claims and found them deficient and amendment futile. Nothing in Langadinos's motion for reconsideration alters the Court's analysis.

Second, Langadinos argues that Defendants will not suffer prejudice if he is permitted to replead two specific causes of action: (1) his claim under Title II of the Americans with Disabilities Act (ADA) against the Washington State Supreme Court; and (2) his intentional infliction of emotional distress against all defendants. Dkt. No. 64 at 2, 6. Langadinos cites *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982), but this case is inapposite. *Logan* involved a discrimination claim under the Illinois Fair Employment Practices Act, which is not relevant to Langadinos's claims. Moreover, the Court already gave Langadinos an opportunity to amend to cure the deficiencies in his claims, but his proposed amended complaint failed to do so. The Court will not grant unlimited chances to amend where the Court finds such an exercise would be futile.

Finally, Langadinos argues that the Court misconstrued his allegation that his reasonable accommodation request was never before State Supreme Court Justice Debra Stephens. Dkt. No. 64 at 7. Langadinos contends that the Court's analysis fails to consider his allegation that the State Supreme Court and Washington State Bar Association "willfully and purposely omitted to mention to

ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART MOTION TO POSTPONE JOINT STATUS REPORT - 3

[Justice] Stephens" his accommodation request. But the Court did not misconstrue Langadinos's allegations—he requested an accommodation with his online bar application, a process managed by the Washington State Bar Association. Langadinos made no accommodation request to the State Supreme Court.

Accordingly, Langadinos fails to raise arguments or evidence that could not have been previously presented earlier in the litigation. The Court DENIES Langadinos's motion for reconsideration, Dkt. No. 64, and GRANTS IN PART his motion to extend time, Dkt. No. 65. The Court ORDERS the parties to file a joint status report and discovery plan within 14 days of this Order.

Dated this 25th day of April, 2025.

Jamal N. Whitehead
United States District Judge